PEOPLE v. PAGE

1. CRIMINAL LAW—FAIR TRIAL—STATEMENTS BY PROSECUTOR—MISCARRIAGE OF JUSTICE—APPEAL AND ERROR.

   Claim that defendant was deprived of his right to a fair trial by the prosecutor's opening and closing statements to the jury is not preserved for review where defendant failed to object during trial to any of the statements, unless the statements result in a miscarriage of justice.

2. CRIMINAL LAW—STATEMENTS BY PROSECUTOR—INSTRUCTION TO JURY—MISCARRIAGE OF JUSTICE.

   There is no suggestion of a miscarriage of justice where the prosecutor's opening and closing statements to the jury fell within the permissible limits of vigorous prosecution and the trial judge carefully instructed the jury concerning the difference between evidence and argument.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 September 29, 1970, at Detroit. (Docket No. 9,115.)   Decided October 30, 1970.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 624–627.
   53 Am Jur, Trial § 505.
[2] 53 Am Jur, Trial § 506.

Charles A. Page was convicted of unarmed robbery.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Rostash,* Prosecuting Attorney, and *John R. Whitehouse,* Assistant Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

Before:  J. H. GILLIS, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J.   Defendant appeals from his conviction after jury trial upon a charge of robbery unarmed.   MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).   The victims testified at trial that they were lured to the scene of the crime with a promise of sexual relations.   To say the least, their confidence in the promisors was ill-founded.   Once there, they were set upon by six men and one woman and relieved of what money they possessed without the quid pro quo.   Defendant was identified as one of the six men involved.

On appeal, defendant questions only the propriety of the prosecutor's opening and closing statements to the jury, isolating eight different portions which allegedly operated to deprive him of his right to a fair trial.   Plaintiff argues that defendant failed to object during trial to any of the statements, and consequently the issue is not preserved for review. This general principle of appellate practice is inapplicable, however, if the prosecutor's statements result in a miscarriage of justice.   *People* v. *Ignofo*

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

(1946), 315 Mich 626, 634; *People* v. *David Smith* (1968), 16 Mich App 198, 201.

We have examined the record with care. No particular value to the trial bench or the bar would result from setting out the challenged excerpts verbatim. They fell within the permissible limits of vigorous prosecution. There is no suggestion of a miscarriage of justice in the verdict. The trial judge carefully instructed the jury concerning the differences between evidence and argument.

"You may consider the statements and arguments of the lawyers, but not as being either the evidence or law for this case."

We find no error. Affirmed.

All concurred.