PEOPLE v FORD

1. Kidnapping—Asportation—Secret Confinement—Question of Fact—Instructions to Jury.
   Asportation or movement is an essential element of the crime of kidnapping except perhaps kidnapping involving secret confinement; the existence of asportation is a question of fact, and a jury charge omitting an instruction on asportation is inadequate, even absent a request (MCLA 750.349).

2. Criminal Law—Fair Trial—Prosecutor's Remarks—Preserving Question.
   Remarks by a prosecutor in reference to a defendant's alibi witnesses, made in closing argument and passed without objection, where had objection been made an immediate cautionary instruction clearly would have eliminated any prejudice arising from them, are precluded from review.

3. Criminal Law—Photographic Identification—Fairness—Preserving Question.
   Defendant's contention for the first time on appeal that the police intentionally discarded photos used in a photographic showup in which the defendant was identified by the complainant so as to deprive him of any means of testing whether any unfairness was involved in the showing of these photos to the complainant was not properly preserved for review, where there is absolutely nothing in the record to substantiate defendant's claim in this regard, defendant failed to make a motion at trial with respect to such an issue, and the Court of Appeals is confronted only with defendant's conjecture that the photographic identification might have been suggestive.

4. Criminal Law—Sentence—Presentence Report—Fairness.
   A defendant's contention that a trial court improperly relied upon impermissible and misleading information in determining

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur 2d, Abduction and Kidnapping §§ 11–23.
[2] 53 Am Jur, Trial § 637.
[3] 21 Am Jur 2d, Criminal Law §§ 368, 369.
[4] 21 Am Jur 2d, Criminal Law § 303.

his sentence because the presentence report included an arrest which resulted in a refusal to issue a warrant and it listed another crime five times without clearly indicating that it was only one crime is without merit where there is no basis or foundation in the record to indicate that the trial judge affirmatively relied upon the arrest which resulted in a refusal to issue a warrant in assessing the sentence imposed or that he read the list of places of incarceration otherwise than for the limited purpose for which it was intended.

Appeal from Recorder's Court of Detroit, Harvey F. Tennen, J. Submitted Division 1 April 4, 1973, at Detroit. (Docket No. 14277.) Decided May 24, 1973. Remanded to Court of Appeals for reconsideration in lieu of grant of leave to appeal, 391 Mich —.

Lindberg Ford, also known as Allen Quinn, was convicted of rape and kidnapping. Defendant appeals. Affirmed as to the rape conviction and reversed and remanded for a new trial as to the kidnapping conviction.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Judith K. Munger,* Assistant State Appellate Defender, for defendant.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

DANHOF, J. Defendant was convicted by a jury of rape, MCLA 750.520; MSA 28.788, and kidnapping, MCLA 750.349; MSA 28.581. He was sentenced to concurrent terms of 10 to 20 years on each count. We affirm defendant's conviction of rape and reverse the kidnapping conviction, remanding for a new trial.

The complaining witness testified at trial that at approximately 11:15 p.m. on the evening of November 28, 1970 she was on her way home from work at Harper Hospital. After taking two buses, she decided to walk the remaining distance to her home. A car went past her and then made a U-turn. There were two men in this car, one of whom shouted, "Hey you, babe, come here". The complaining witness stated that she kept on walking, but the two men got out of the car, subdued her, and dragged her into the back seat of the car where she was subsequently blindfolded. One of the men had a gun. They drove about two or three blocks and then stopped. One of the men got into the back seat, went through the complainant's purse, then ordered her to remove her clothing. This man then raped her. Next, the other man in the car raped her. All three persons then got in the front seat of the car. The complainant was still blindfolded. She stated that she submitted to these acts because of the threat of the pistol and because she overheard the men arguing over whether or not to kill her.

The complainant testified that after each man had raped her, they drove around for about 15 minutes. She stated that she believed they stopped at one place but left because one man said, "Too many people in there". She testified that they next stopped at another place, identified as the Oaks Motel located at 6075 Fourteenth Street in Detroit, and that one of the men, whom she identified as the defendant, Lindberg Ford, went into the motel in order to get a room. The other man remained in the car with the complainant, but removed her blindfold. She further stated that it was the defendant who first raped her in the back seat of the car, identifying him by his sideburns.

When the defendant returned, both men got out of the car with the complainant and proceeded to look for the room which had been rented. They encountered a maid who informed them that only one man and one woman were permitted in a room at the same time. The complainant stated that the "older man", not the defendant, went back to the car. The defendant then took the complainant to the room where he again allegedly raped her. She further stated that she went to the room because the defendant had a gun in her back. The defendant, after raping her, ordered her to remain in the room because his friend would be coming in soon. As soon as the defendant left the room, the complainant grabbed her clothes, ran to another room, and closed the door. She overheard the two men looking for her. She waited in this room for about two hours. She stated that the telephone in this room was not working.

The complainant testified that she notified the motel clerk that she had been "kidnapped and raped". The police were summoned. She testified that at a later date she was shown some photographs by the police from which she identified one as being a picture of the defendant.

The testimony of most of the other witnesses need not be considered because the defendant, who did not take the stand, does not challenge the weight or sufficiency of the evidence. Three defense witnesses testified as alibi witnesses, claiming that they and the defendant were at a party on the night in question.

We must reverse defendant's conviction of kidnapping in the light of a recent opinion by our Supreme Court, *People v Adams,* 389 Mich 222 (1973). The *Adams* decision holds that asportation or movement is an essential element of the crime

of kidnapping, except perhaps kidnapping involving secret confinement; that the existence of asportation is a question of fact; that a jury charge omitting an instruction on asportation is inadequate, even absent a request. There was no instruction on asportation in the instant case. Upon retrial of the kidnapping charge, the jury should be instructed on the element of asportation as required by *Adams, supra.*

Defendant contends that certain remarks by the prosecutor made in reference to the defendant's alibi witnesses constitute reversible error. We disagree. While we do not condone such remarks, we point out that they were made in closing argument and passed without objection. Had objection been made, it is clear that an immediate cautionary instruction would have eliminated any prejudice arising from the prosecutor's conduct. This precludes review. *People v Oliver,* 29 Mich App 402 (1971); *People v Page,* 27 Mich App 682 (1970); *cf. People v Humphreys,* 24 Mich App 411 (1970). Furthermore, an examination of the instructions to the jury reveals a specific reference to the difference between argument and evidence.

Defendant contends that the prosecutor committed reversible error by failing to produce all of the photos which were shown by the police to the complaining witness, even in the absence of a defense request to do so. On the day after the alleged rape and kidnapping, the complainant was shown eight photos by the police, one of which was a photograph of the defendant. She identified the defendant as her assailant. The defendant was not yet in custody and he makes no claim of any Sixth Amendment right to counsel violations.

At trial, defendant did not object to the testimony with respect to this photograph, nor to the

complainant's ability to make an untainted in-court identification of the accused. Yet now, for the first time on appeal, defendant contends that the police intentionally discarded the other seven photos so as to deprive him of any means of testing whether any unfairness was involved in the showing of these photos to the complainant.

There is absolutely nothing in the record to substantiate defendant's claim in this regard. In *People v Anderson,* 42 Mich App 10 (1972), cited by the defendant, the accused had made a motion at trial with respect to the fairness involved and the inability of police to produce all of the photos. This Court remanded for an evidentiary hearing to ascertain whether or not the investigation had focused on the accused, who was being held by another police department on an unrelated charge. The trial court was also ordered to consider the inability of the prosecutor to produce all of the photos in assessing whether or not the prosecution could meet its burden of proving that the photo-graphic display was not suggestive. In the instant case, there was no motion by the defendant at trial. Absent such a motion, and confronted only with defendant's conjecture that the photographic identification might have been suggestive, we hold that the issue has not been properly preserved for review. *People v Council,* 36 Mich App 682, 684–685 (1971).

Lastly, defendant contends that the trial court relied upon impermissible and misleading informa-tion in determining his sentence. Defendant al-leges error in this regard because the presentence report included an arrest for uttering and publish-ing which resulted in a refusal to issue a warrant. Defendant also contends that the presentence re-port was misleading because it listed the same

crime of aggravated assault five times without clearly indicating that it was only one crime.

First of all, there is no basis for determining that the trial judge was misled by the fact that defendant's conviction of aggravated assault was listed five times. There is no foundation in the record to indicate that the trial judge read this list otherwise than just as it was intended, that is to show the various places where defendant was incarcerated for the commission of this crime.

Concerning the listing of defendant's arrest for uttering and publishing, which arrest resulted in a refusal to issue a warrant, we are referred to the case of *People v Zachery Davis,* 41 Mich App 683, 686 (1972). In that case, the court made repeated references to pending charges and, in spite of defendant's protestations of innocence, these charges, together with the fact that defendant felt no remorse for the allegations contained therein, were clearly taken into account when defendant was sentenced. In the instant case, an examination of the transcript of defendant's sentencing yields no evidence whatsoever to the effect that the trial judge affirmatively relied upon the arrest which resulted in a refusal to issue a warrant in assessing the sentence imposed.

Affirmed in part, reversed in part.

All concurred.