PEOPLE v CRAWL

1. CRIMINAL LAW—EVIDENCE—PROSECUTOR'S REMARKS—PREJUDICE—
   PRESERVING QUESTION.

   The issue of the prejudicial nature of the admission of testimony
   of an accomplice to a crime that he has pled guilty and of
   comment on that testimony by the prosecutor during closing
   argument will not be considered on appeal where no objection
   was made in the trial court unless it appears that the admis-
   sion of the testimony and comment was serious and manifest
   error.

2. CRIMINAL LAW—EVIDENCE—ACCOMPLICE'S PLEA—PROSECUTOR'S RE-
   MARKS.

   A codefendant's or accomplice's guilty plea cannot be employed
   as substantive evidence of the accused's guilt, but admission of
   testimony concerning an accomplice's guilty plea is not serious
   and manifest error where the testimony was elicited to estab-
   lish that the witness was not testifying to obtain a "break"
   from the prosecutor, the testimony was given during redirect
   examination in response to an implication made during cross-
   examination by defense counsel that the witness's willingness
   to testify may have been attributable to a promise of favored
   treatment by the prosecution, and no prejudice to the defend-
   ant resulted either from the testimony or the prosecutor's
   comment, in light of the overwhelming evidence of guilt.

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—PRIOR INCONSISTENT
   STATEMENTS.

   A prosecutor's comments to the jury concerning the failure of the
   defendant, at the time of his arrest, to relate an alibi defense
   which was subsequently raised at trial by the defendant was
   not an improper reference to defendant's silence but rather was
   a comment upon defendant's inconsistent statements where
   defendant made a written confession of guilt both on the night
   of his arrest and on the following morning.

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 53 Am Jur, Trial § 637.

4. CRIMINAL LAW—CREDIBILITY—IMPEACHMENT—MISDEMEANOR CON-
    VICTIONS—PRESERVING QUESTION.
    Use by the prosecutor of a misdemeanor conviction to impeach
    the defendant's credibility in a trial for murder is not reversi-
    ble error in the absence of a specific and timely objection on
    the record where no miscarriage of justice is apparent.

Appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted Division 1 March 8, 1973, at Detroit. (Docket No. 13529.) Decided June 26, 1973.

Claude E. Crawl was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*James R. Neuhard,* Assistant State Appellate Defender, for defendant.

Before: J. H. GILLIS, P. J., and McGREGOR and ADAMS,* JJ.

McGREGOR, J. The defendant appeals his conviction by a jury of first-degree murder, MCLA 750.316; MSA 28.548.

The prosecution contends that, on May 11, 1970, the defendant and an accomplice, one Howard Wilson, attempted to hold up the Oakland Bar in the City of Detroit. The bartender offered resistance and was shot and killed. The accomplice Wilson pled guilty to a charge of second-degree

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

murder and was sentenced to from 5 to 15 years. In these proceedings, the accomplice testified as a prosecution witness against the defendant.

The evidence of the defendant's guilt was overwhelming and included identification by two eyewitnesses, the testimony of the accomplice Wilson, defendant's confession, and firearms identification testimony linking defendant's gun with the murder. Further facts will be given as necessary to discuss the issues raised on appeal.

Defendant first contends that he was irreparably prejudiced by the admission of testimony that his accomplice had pled guilty and had been sentenced, and by comment on this testimony made by the prosecutor during his closing argument.

During redirect examination, the following exchange took place between the prosecutor and the accomplice:

> "*Q.* You have pled guilty to this matter already?
> "*A.* Yes.
> "*Q.* You are under sentence?
> "*A.* Yes."

In her closing argument, the prosecutor made the following comment while discussing the credibility of the accomplice:

> "Mr. Wilson has already pled guilty, he has already been sentenced * * * ."

No objection was made, either to the testimony or to the comment.

No objection having been made in the trial court, the issue presented will not be considered on appeal unless it appears that the admission of the testimony and comment was serious and manifest error. *People v Counts,* 318 Mich 45, 50 (1947);

*People v Dorrikas,* 354 Mich 303, 316 (1958); *People v Shirk,* 383 Mich 180, 194 (1970). We find that it was not.

It is recognized that a codefendant's or accomplice's guilty plea cannot be employed as substantive evidence of the accused's guilt. *People v Brocato,* 17 Mich App 277 (1969); *People v Eldridge,* 17 Mich App 306 (1969). However, the purpose of eliciting testimony regarding the witness's guilty plea here was not to establish defendant's guilt, but rather to establish that the witness was not testifying to obtain a "break" from the prosecutor. The testimony in question was given during redirect examination. During cross-examination by defense counsel, it was implied that the witness's willingness to testify may have been attributable to a promise of favored treatment by the prosecution. Thereafter, the prosecutor, on *redirect* examination, attempted to establish that the testimony was not influenced by such considerations, and, to do so, elicited the fact that the witness had already pled guilty. Clearly, the prosecutor's primary objective here was not to use the witness's guilty plea as substantive evidence of the guilt of the accused, but rather to restore the witness's credibility, which had been assaulted by defense counsel. In addition, we find no prejudice to the defendant resulting either from the testimony or the prosecutor's comment thereon, in light of the overwhelming independent evidence of his guilt.

Defendant further contends that the prosecutor made an improper reference to his previous silence in her closing argument to the jury. The language complained of is:

" * * * if he had been with John Petty and Joyce Lee, wouldn't he have told the police that night, I wasn't there, I was at the recreation center. Wouldn't

he have told Sergeant Zisler the next morning. I wasn't there. I was at the recreation center."

Again, there was no objection.

The flaw in defendant's argument is that he did not remain silent on the night of his arrest and the morning after. Rather, he made a written statement confessing his guilt on the night of the murder and reaffirmed it the next morning. The statement was admitted in evidence by the trial court after a *Walker* hearing. At trial, defendant admitted making a statement but denied making the one introduced at trial. Further, he testified that on the night of the crime he was in a recreation center with friends. It is clear that the purpose of the prosecutor, in closing argument, was to highlight the inconsistencies between the defendant's written statement and his testimony at trial. Simply put, the prosecutor was not commenting on the accused's silence, but rather on his inconsistent statements. There was no reversible error in allowing the comment.

Thirdly, defendant contends that the trial judge improperly commented on the evidence. He argues that the strongest testimony on behalf of the prosecution was that of an alleged eyewitness who testified that the defendant was wearing light-colored clothing at the time the crime was committed. A light-colored jacket was offered in evidence which the accomplice testified was worn by him on the night of the shooting. Other witnesses testified that the defendant was wearing dark clothing. According to the defendant, the trial court's remarks prevented the defendant from taking proper advantage of the inconsistent testimony relative to the clothing worn by defendant. The exchange in question reads as follows:

"*Mr. Campbell [Defense counsel]:* For the record, the blood is on the inside, lower part of the jacket, on the other side of the pocket, and I want to pass it to the jury.

"*The Court: I don't know how that is material. There is no claim that this is this defendant's jacket—the jacket of another and I don't know what it has to do with this case.*

"*Mr. Campbell:* Mr. Yardley said that the defendant had on a tan bush jacket, that the man outside the bar had on a tan bush jacket, so I think it is very important in this case.

"*The Court: You can show it to them for whatever it's worth.*

"*Mr. Campbell:* I want to draw your attention to the blood here on the jacket.

"*(Jury inspects jacket.)*

"*Mr. Campbell:* I have no further questions.

"*Mrs. Clarke [Prosecutor]:* That's all. You may step down.

"Brian Reichman, sworn by the court clerk as a witness on behalf of the people testified as follows:

"Direct examination by Mrs. Clarke:

"*Q.* Tell us your name, sir?

"*A.* Patrolman Brian Reichman.

"*Q.* I suggest you withhold the questioning until the jurors are through with the jacket. They are distracted.

"*Mrs. Clarke:* Very well.

"*Mr. Campbell:* Your Honor, I make objection, that the court, the remarks the court made about the jacket.

"*The Court:* You may. There is no claim it is the defendant's jacket. It is the jacket of another.

"*Mr. Campbell:* Who claimed that?

"*The Court:* It was found there. That's what the testimony has been. There is no use to argue about it. Make your objection on the record.

"*Mr. Campbell:* Your Honor, you didn't understand that.

"*The Court:* I told you to stop arguing about it. You want your objection on the record. That is sufficient. I am not going to engage in an argument with you. The

jury will decide this case. Not this court." (Emphasis added.)

It is difficult to see how the remarks in question (italicized above) prejudiced the defendant. The trial court did not prevent defense counsel from arguing the inconsistencies in the testimony, and it appears that the principal effect of the court's remarks would have been to fix in the jury's mind the fact that the jacket did not belong to the defendant. The net result would have been to weaken the impact of the testimony of the witness who stated that the defendant was wearing a light-colored coat.

Defendant finally contends the trial court abused its discretion in allowing the prosecutor to impeach the defendant's credibility with evidence of a 1966 misdemeanor conviction for assault and battery. In support of his position, defendant cites the recent case of *People v Sanders,* 43 Mich App 698 (1972), wherein this Court held that it was an abuse of discretion to allow impeachment of the defendant in a first-degree murder case, through use of a misdemeanor conviction for disorderly person. The basis of the decision was that the probative value of the prior conviction on the issue of the defendant's credibility was far outweighed by its prejudicial effect. It is significant to note that, in *Sanders,* a specific and timely objection was made to the use of the prior misdemeanor conviction. In the instant case there was no such objection. Upon introduction of defendant's prior conviction, defense counsel requested that the jury be excused to enable him to make a motion. Neither the nature of the motion nor the trial court's ruling thereon can be determined from the record before us. The absence of a specific and timely objection on the record is fatal to defendant's

contention, since no miscarriage of justice is apparent. See *People v Page,* 27 Mich App 682 (1970).

We find no reversible error.

Affirmed.

All concurred.