PEOPLE v LESZCZYNSKI

1. KIDNAPPING—ASPORTATION—QUESTION OF FACT—INSTRUCTIONS TO JURY.

Asportation or movement is an essential element of the crime of kidnapping and existence of asportation is a question of fact; a jury charge omitting an instruction on asportation is inadequate, even absent request.

2. CRIMINAL LAW—STATEMENTS—VOLUNTARINESS—SEPARATE HEARING—DEFENDANT TESTIFYING.

A defendant's contention on appeal that he was forced to the witness stand at his trial to explain alleged statements made by him to a police officer because the trial court had ruled at a separate hearing on the voluntariness of his statements that he could not take the stand in a limited capacity to testify on the voluntariness, results in a remand for a new hearing where it was not shown beyond a reasonable doubt that the defendant's claim of error is without foundation.

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 June 5, 1973, at Lansing. (Docket No. 13128.) Decided September 25, 1973. Leave to appeal applied for.

Thomas J. Leszczynski was convicted of kidnapping and armed robbery. Defendant appeals. Reversed and remanded for a new trial as to the kidnapping charge and remanded with instructions as to the armed robbery charge.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Abduction and Kidnapping §§ 11-23.

[2] 58 Am Jur, Witnesses § 96.

Disclosure by witness of fact or transaction as waiver of his privilege against self-incrimination in respect of details and particulars which will elucidate it. 147 ALR 255.

*Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *Peter E. Deegan,* Chief Assistant Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Thomas R. Lewis,* Director, and *James D. Hunter,* Staff Attorney, of counsel), for the people.

*David A. Goldstein,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and DANHOF and ADAMS,* JJ.

DANHOF, J. On August 12, 1971, defendant was found guilty by a jury of kidnapping, MCLA 750.349; MSA 28.581, and robbery armed, MCLA 750.529; MSA 28.797. On October 12, 1971, he was sentenced to concurrent terms of 2-1/2 to 10 years in prison on each conviction.

Although defendant was tried separately, the facts surrounding the transaction out of which these charges arose have already been fully set forth in *People v Behm,* 45 Mich App 614; 207 NW2d 200 (1973).

Defendant first contends that his conviction of kidnapping must be reversed because the trial court failed to instruct the jury on the element of asportation. *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973). We are compelled to agree, although the record in the instant case is replete with evidence by which the jury could have found the necessary asportation. Furthermore, we point out that our holding in this regard in no way implies fault in the late trial judge for his failure to instruct on asportation. The element of asportation was initially born of an opinion by this Court

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

decided June 24, 1971. *People v Otis Adams,* 34 Mich App 546; 192 NW2d 19 (1971). However, that opinion did not reach this Court's advance sheets until December 15, 1971. Defendant was tried in August of 1971.

Nevertheless, our Supreme Court's decision in *Adams, supra,* holds that asportation or movement is an essential element of the crime of kidnapping, except perhaps kidnapping involving secret confinement; that the existence of asportation is a question of fact; that a jury charge omitting an instruction on asportation is inadequate, even absent request. There was no instruction on asportation in the instant case. Upon retrial of the kidnapping charge, the jury should be instructed on the element of asportation as required by *Adams, supra.*

Defendant contends that the trial court ruled that defendant could not take the stand, at a *Walker*[1] hearing held during trial and out of the presence of the jury, in a limited capacity to testify on the voluntariness of statements alleged to have been made by defendant to a police officer. Defendant further contends that this forced him to the stand at trial to explain those statements which the trial court had found to be voluntary. The people argue that the trial court only ruled that defendant would be subject to thorough cross-examination at the *Walker* hearing, and for purposes of the *Walker* hearing only, were he to choose to testify on the limited issue of voluntariness. We have examined closely the trial court's ruling in this regard together with the dialogue between the court and counsel leading to it. While the trial court's ruling is certainly capable of the

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

interpretation given to it by the people, they have not shown beyond a reasonable doubt that defendant's claim of error is without foundation.

We therefore remand on this issue to the trial court for a new *Walker* hearing. If defendant's in-custody statements are determined voluntary, then defendant's choice, based on strategy, to take the stand at trial to explain his statements did not result in prejudice to defendant and his conviction of armed robbery is affirmed.

Defendant's other allegations of error have been examined. They were either not preserved for review or they do not mandate reversal.

Defendant's conviction of kidnapping is reversed and remanded for a new trial. On retrial for kidnapping, the admissibility of defendant's in-custody statements will have been determined by the trial court's findings of fact after a new *Walker* hearing. Furthermore, if these statements are found to have been voluntarily made, defendant's conviction of armed robbery is affirmed. If found involuntary, the conviction of armed robbery is reversed and a new trial ordered.

Remanded for further proceedings not inconsistent with this opinion. We retain no further jurisdiction.

All concurred.