PEOPLE v WIREMAN

OPINION OF THE COURT

1. KIDNAPPING—ASPORTATION—INSTRUCTIONS TO JURY—RETROACTIVE APPLICATION.

A holding of the Michigan Supreme Court that failure of a trial court to instruct a jury on asportation in a kidnapping case requires that the defendant be granted a new trial is to be applied retroactively.

DISSENT BY O'HARA, J.

2. KIDNAPPING—ASPORTATION—INSTRUCTIONS TO JURY—PROSPECTIVE APPLICATION.

*A holding of the Michigan Supreme Court that failure of a court to instruct a jury on asportation in a kidnapping case requires that the defendant 'be granted a new trial should be applied prospectively.*

Appeal from Van Buren, David M. Anderson, Jr., J. Submitted Division 3 February 5, 1974, at Grand Rapids. (Docket No. 17645.) Decided May 31, 1974.

Ronnie Ray Wireman was convicted of kidnapping. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney,. for the people.

*Michael C. Moran* and *Larry R. Farmer,* Assistant State Appellate Defenders, for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 1 Am Jur 2d, Abduction and Kidnapping, §§ 11, 12.

Before: R. B. BURNS, P. J., and ALLEN and O'HARA,* JJ.

R. B. BURNS, P. J. Defendant was convicted by a jury of kidnapping Linda New. MCLA 750.349; MSA 28.581.

People's witnesses Linda New and Anne Koppers testified that they were offered a ride by defendant and accepted. They were going to Hartford or Sister Lakes. Defendant agreed to take them there but would first stop at his sister's house which was nearby. He drove for a long time without stopping, and the girls became suspicious and asked to be let out. The defendant said, "No". Defendant then stated, "I need one of you two girls" and "I have got to have you". Defendant then touched Linda on the knee and increased the car's speed. Koppers was enabled to escape when Linda managed to apply the car's brakes. Linda escaped when defendant had to stop for a stop sign.

The defense was alibi—fishing alone at Cedar Lake during the commission of the alleged crime.

We confine our decision to the following single issue:

Whether the failure of the court to instruct the jury on asportation in accordance with *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973), requires that defendant be granted a new trial?

Both *People v Nash,* 47 Mich App 371; 209 NW2d 432 (1973), and *People v Leszczynski,* 49 Mich App 555; 212 NW2d 255 (1973), applied the *Adams* decision retroactively.

In *Leszczynski* the Court applied the doctrine

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

retroactively even though the record was replete with evidence by which the jury could have found the necessary asportation.

Reversed and remanded for a new trial.

ALLEN, J., concurred.

O'HARA, J. *(dissenting)*. Defendant was convicted by a jury of what is generally known as, and referred to as, "kidnapping". MCLA 750.349; MSA 28.581.

The issue can be simply stated. It can be less simply resolved.

In *People v Adams,* 389 Mich 222, 205 NW2d 415 (1973), the Michigan Supreme Court held that failure of the trial judge to "allude to asportation in his charge" to the jury was reversible error mandating a new trial. 389 Mich at 244; 205 NW2d at 426. By this decision this panel is bound.

In *People v Leszczynski,* 49 Mich App 555; 212 NW2d 255 (1973), a panel of this Court held by necessary implication that *Adams, supra,* was retroactive in its effect.

By that decision this panel is not bound, but may follow or decline to follow it as its judicial reasoning dictates.

The precise question is: "Is *Adams* retroactive?"

I see no need to write voluminously on the well settled proposition that except where expressly made so by their own terms appellate decisions are prospective in application.[1]

I decline to follow *Leszczynski, supra,* for the following reasons.

First, by reason of the general rule of prospectivity.

---

[1] I am, of course, mindful of the exception in constitutional questions. That exception is not involved here.

Second, because on most attentive reading of *Adams* I can find no express declaration of retroactivity. Intense bench questioning on oral argument elicited from able counsel that *Adams* itself is not in express terms made retroactive but depends for that effect on opinions of this Court.

Third, though in this case the trial judge did not employ the exact term "asportation" he did speak to the fact that the victim, a teenage girl, was confined in the defendant's automobile against her will, without legal justification, and that defendant "drove on back roads" while allegedly en route to the home of his sister. So, if as the Supreme Court said in *Adams,* "asportation" is a question of fact, the jury in this case could properly have found "asportation" occurred.

I have reviewed the other specifications of error and find them without merit.

I think it not untoward to mention that defendant's defense in this case was alibi. It had nothing to do with lack of "asportation". According to defendant he was elsewhere fishing in solitude. Apparently the jury was unconvinced.

I would affirm the conviction.