PEOPLE v TAFT

1. Appeal and Error—Criminal Law—Instructions to Jury—Objection to Instructions—Fair Trial.

The Court of Appeals will not reverse a conviction because of an erroneous jury instruction where no objection to the instruction was made at trial unless it appears that the error denied the defendant a fair trial.

2. Kidnapping—Instructions to Jury—Asportation.

A trial court's instruction to the jury must be read in the light of the case being tried, and an instruction on asportation, in a trial for armed robbery and kidnapping which stated that before the defendant could be found guilty of kidnapping the jury must find that an asportation occurred and that such asportation was not incidental to another crime, clearly presented the defendant's theory of the case to the jury and was not erroneous on the facts of the case.

3. Criminal Law—Appeal and Error—Constitutional Law—Incompetence of Counsel.

A defendant's claim of incompetence of trial counsel is precluded from review by the Court of Appeals unless a motion for new trial raising an issue of the competence of counsel has been filed and heard in the trial court.

Appeal from Van Buren, David Anderson, Jr., J. Submitted May 5, 1976, at Grand Rapids. (Docket No. 22289.) Decided August 23, 1976.

Larry R. Taft was convicted of armed robbery and kidnapping. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

References for Points in Headnotes

[1] 5 Am Jur 2d, Appeal and Error §§ 891, 892.
[2] 1 Am Jur 2d, Abduction and Kidnapping § 11 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

*Derengoski,* Solicitor General, *Frank D. Willis,* Prosecuting Attorney, and Prosecuting Attorneys Appellate Unit, Department of Attorney General, by *Keith D. Roberts,* Assistant Attorney General, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: BASHARA, P. J., and ALLEN and C. J. HOEHN,* JJ.

C. J. HOEHN, J. On July 25, 1974, Larry Richard Taft was convicted by a jury of the offenses of armed robbery and kidnapping. MCLA 750.529; MSA 28.797, and MCLA 750.349; MSA 28.581, respectively. He was sentenced to a term of a minimum of 15 years to a maximum of 25 years in prison on each count on September 3, 1974. The defendant appeals as of right.

One issue raised by defendant that merits some discussion relates to the element of asportation necessary to establish the crime of kidnapping since the case of *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973).

In the instant case, the trial court instructed the jury:

"To support a charge of kidnapping, the People must establish in addition to confinement or imprisonment that there was asportation or movement of the victim. In determining whether there was asportation, you will consider the following factors: first, was the movement directly related to the confinement, or was it merely incidental to the commission of another underlying lesser crime. Or, second, was the movement incidental to an extortion or the taking of a hostage. Or third, did the movement add either a greater danger or threat

---

* Circuit judge, sitting on the Court of Appeals by assignment.

thereof to the victim beyond that inherent in the lesser underlying crime. It is for you to determine whether the movement in this case constitutes statutory asportation from all of the circumstances thereof as shown by the evidence and under the standards just cited.

"If the movement of Robert Poledna was directly related to the confinement, or was incidental to the extortion or taking of a hostage, or added a greater danger or threat thereof to Robert Poledna, there was sufficient asportation to support the charge of kidnapping. Otherwise, there was not."

The defendant made no objection to the instruction at the trial court level.

On appeal, this court will not reverse unless it appears that the error denied defendant a fair trial. *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972).

On the admitted facts of this case, there can be no question but what a kidnapping did occur.

The instructions of the trial court must be read in the light of the case that was being tried to the jury. There was no question of false imprisonment in this case. The contention of the defendant in this respect was that the asportation was incidental to the armed robbery.

The instruction as presented clearly presented defendant's theory to the jury. The jury, in order to find defendant guilty, was required to find:

1. That asportation occurred.

2. That such asportation was not incidental to another crime.

On the facts of this case, we find that the given instruction complied with the requirement of *Adams, supra.*

The other ground of appeal which we consider is the claim that defendant's counsel was so incompetent that defendant was effectively denied a fair trial.

Many trial strategies which would be held up as shining examples of cleverness in the event of a successful trial are frowned upon as incompetence of counsel when the jury withholds its favor.

All of the supposed errors and blatant stupidities of counsel cited by the Appellate Defender's office are capable of interpretations other than the interpretation adopted by the Defender's office.

As the Appellate Defender's office should know, a defendant must file a motion for a new trial with the trial court alleging incompetency of counsel. A hearing is then held and a record made for possible review in this court. The failure to file such a motion precludes review in this court. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973), *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

Defendant objects that his counsel should not have introduced a tape of defendant's statement. The objection of the prosecutor to the introduction of the tape would seem to indicate he, at least, thought the tape favorable to defendant. The tape was exculpatory in nature and consistent and confirming of his trial testimony.

The error claimed to be most serious in nature relates to counsel interrogating defendant as to the identity of his accomplice. If defense counsel had not asked the question, most surely the prosecutor would have. Defense counsel may have believed that he would be able to secure an answer if he asked the question. The answer to the question was vital to the defense.

There is no merit to the claim of incompetency of trial counsel and only a person inexperienced in the trial of a difficult case would have raised it.

The lower court is affirmed.