PEOPLE v BARKER

PEOPLE v SLAYTON

Docket Nos. 77-2171, 78-839. Submitted December 12, 1978, at Detroit.
—Decided May 21, 1979. Leave to appeal applied for.

James H. Barker and Claude A. Slayton, Jr., were each charged
with kidnapping and first-degree criminal sexual conduct.
Barker was convicted of kidnapping and third-degree criminal
sexual conduct, and Slayton was convicted of kidnapping,
Wayne Circuit Court, John R. Kirwan, J. Slayton appealed as
of right, and Barker appealed by leave granted. The appeals
were consolidated for hearing and decision. *Held:*

1. The rule that movement of a victim which is merely
incidental to the commission of an underlying offense is insuffi-
cient to satisfy the asportation element of kidnapping applies to
a case in which the underlying offense charged is equal to
kidnapping.

2. Where asportation must be shown to be nonincidental to
another charged offense, the question of asportation is for the
jury. Therefore, a jury instruction which removed from the jury
the question of whether there was asportation not incidental to
the other charged offense was erroneous.

Reversed and remanded.

DANHOF, C.J., dissented. He would hold that the rule, that
movement of the victim merely incidental to the commission of
another offense is insufficient to satisfy the element of asporta-
tion, is not applicable to a case where the other offense is equal
to kidnapping. He would affirm.

OPINION OF THE COURT

1. KIDNAPPING — ASPORTATION — OTHER OFFENSE — INCIDENTAL
MOVEMENT.

The rule that movement of a victim merely incidental to the
commission of an underlying lesser offense is insufficient to

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 1 Am Jur 2d, Abduction and Kidnapping § 18.
[2] 75 Am Jur 2d, Trial §§ 321, 322.

satisfy the asportation element of kidnapping is applicable in a case where the underlying offense is equal to kidnapping.

2. KIDNAPPING — ASPORTATION — INSTRUCTIONS TO JURY — OTHER OFFENSE — INCIDENTAL MOVEMENT.

The question of whether the alleged movement of a kidnap victim was incidental to another charged offense is a question of fact for the jury in a case in which it is necessary to show movement not incidental to the other charged offense in order to sustain a kidnapping conviction; therefore, a jury instruction, in a case in which the defendant was charged with kidnapping and first-degree criminal sexual conduct, was erroneous where the instruction removed from the jury the question of whether the movement of the victim was incidental to the commission of the sexual offense.

DISSENT BY DANHOF, C.J.

3. KIDNAPPING — ASPORTATION — OTHER OFFENSE — INCIDENTAL MOVEMENT.

The rule that movement of a victim which is merely incidental to the commission of an underlying lesser offense is insufficient to satisfy the asportation element of kidnapping does not apply in a case where the underlying offense is equal to kidnapping.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert T. Monk,* Assistant Prosecuting Attorney, for the people.

*Bell & Hudson, P.C.* (by *Lester D. Hudson* and *Ronald A. Molter),* for defendants on appeal.

Before: DANHOF, C.J., and R. M. MAHER and D. C. RILEY, JJ.

D. C. RILEY, J. Defendants were each charged with one count of kidnapping, MCL 750.349; MSA 28.581, and one count of first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1).

Each crime is punishable by any term of imprisonment up to life. The complainant charged that defendants forced her into their automobile, knocked her unconscious, drive some 15 to 18 miles into the country and there raped her.

Defendant Barker was convicted by a jury of kidnapping and third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4), and was sentenced to two concurrent prison terms of 18 months. Defendant Slayton was convicted of kidnapping, but acquitted of any criminal sexual conduct, and was sentenced to five years of probation, six months of which were to be spent in prison.

Defendant Slayton appeals as of right. Defendant Barker was granted a delayed appeal. These appeals have been consolidated for review by this Court.

Defendants raise a number of issues for our consideration. One merits discussion—their claim that the trial court erred in instructing the jury on the asportation element of kidnapping. The trial judge instructed the jury as follows:

"During the course of * * * confinement, the defendants must have forcibly moved the victim or cause[d] her to be moved from one place to another for the purpose of abduction. If the evidence convinces you beyond a reasonable doubt that there was movement and it was either for the purpose of abduction of the victim or to rape her, this is sufficient for the element of this crime."

This is the standard criminal jury instruction on asportation where there is a possibility of an underlying crime punishable by life imprisonment. CJI 19:1:02; see *id.* 19:1:01, fn 1. Defendants claim the instruction is erroneous because it allowed the

jury to find asportation by finding movement merely incidental to rape. We agree.

In *People v Adams,* 389 Mich 222, 236; 205 NW2d 415 (1973), the Supreme Court held that movement "merely incidental to the commission of" an underlying lesser offense is insufficient to satisfy the asportation element of kidnapping. Defendants would apply that holding to situations where the underlying offense is equal to kidnapping.

We acknowledge a split of authority in the Court of Appeals on the issue of whether *Adams* is applicable to situations involving coequal offenses.

*People v Hardesty,* 67 Mich App 376; 241 NW2d 214 (1976), held that movement of a rape victim incidental to commission of the rape was sufficient to satisfy the asportation element of kidnapping. The panel perceived the rationale for the *Adams* rule to be "to prevent gross distortion of lesser crimes into a much more serious crime by excess prosecutorial zeal". *Id.* at 378, *quoting People v Adams, supra,* at 232, *quoting People v Miles,* 23 NY2d 527, 540; 297 NYS2d 913, 922; 245 NE2d 688, 695 (1969). Since, at the time of the crimes, both rape and kidnapping were punishable by life imprisonment, the panel reasoned that the rationale for the *Adams* rule was inapplicable.

On the other hand, in *People v Worden,* 71 Mich App 507; 248 NW2d 597 (1976), the Court held that movement of an armed robbery victim incidental to the commission of a robbery was insufficient to satisfy the asportation element of kidnapping. See also *People v Ross,* 73 Mich App 287; 251 NW2d 268 (1977), *People v Taft,* 70 Mich App 634; 247 NW2d 319 (1976). The majority reasoned:

" * * * While it is true that the *Adams* Court was

concerned with the conversion of a simple crime into a capital offense, the logic of the opinion goes further and is directed to prohibiting the conversion of a single offense into two offenses. Thus it matters not whether the single offense is a minor misdemeanor such as simple assault or a capital felony such as armed robbery." 71 Mich App at 513-514.

This position was bolstered by saying:

" * * * If *Adams* did not extend to situations involving coequal offenses, reversal and remand for failure to properly instruct on asportation would not have been ordered by this Court in *People v Ford,* 47 Mich App 420; 209 NW2d 507 (1973), involving rape and kidnapping, *People v Leszcznyski,* 49 Mich App 555; 212 NW2d 255 (1973), involving kidnapping and armed robbery, *People v Behm,* 52 Mich App 119; 216 NW2d 631 (1974), involving kidnapping and armed robbery, *People v Culpepper,* 52 Mich App 121; 216 NW2d 632 (1974), involving kidnapping and armed robbery. The fact that this Court did reverse and remand in each of these cases evinces the applicability of *Adams* in the instant situation." *Id.* at 514. (Footnote omitted.)[1]

Although in *Adams* the Supreme Court made steady reference to the "underlying lesser crime", it also quoted approvingly from Judge (now Justice) LEVIN's Court of Appeals opinion in *Adams,* where he said:

" 'It is obvious that virtually any assault, any battery, *any rape, or any robbery* involves some "intentional confinement" of the person of the victim. To read the kidnapping statute literally is to convert a misdemeanor, for example, assault and battery, into a capital

---

[1] However, in a subsequent case, *People v Harris,* 80 Mich App 161; 262 NW2d 912 (1977), the same author wrote that *Adams* "appears to state that where the underlying offense is coequal in degree, *viz:*—a capital offense, *Adams* is inapplicable." 80 Mich App at 169. No reference was made at that point to the opposite interpretation of *Adams* in *People v Worden,* 71 Mich App 507; 248 NW2d 597 (1976).

offense. A literal reading of the kidnapping statute would permit a prosecutor to aggravate the charges against any assailant, *robber, or rapist* by charging the literal violation of the kidnapping statute which must inevitably accompany each of those offenses.'" 389 Mich at 232-233, *quoting People v Adams,* 34 Mich App 546, 560; 192 NW2d 19 (1971). (Emphasis supplied.)

We are of the opinion that the thrust of *Adams* is not limited solely to the prevention of the distortion of lesser offenses into those more serious, but to further prevent one crime from being transformed into two *(e.g.,* kidnapping and rape), and that those decisions holding *Adams* applicable to coequal offenses represent the better reasoned approach.

It may be argued that a danger perceived by *Adams,* that of excessive prosecutorial zeal, is not as prevalent where two capital offenses are involved, inasmuch as the result would be two concurrent sentences of up to life instead of one.[2]

While it is certainly true that multiple sentences in Michigan run concurrently,[3] it is also true that the conversion of a single capital offense into two capital offenses by charging incidental movement of the victim results in not only perhaps an additional concurrent sentence up to life, but also in two chances for conviction instead of only one. It is entirely possible for the jury to

[2] "Indeed, under Michigan law there is little reason to charge kidnapping where the movement is incidental to an armed robbery or a rape because both of those offenses are punishable by life sentences and in Michigan all sentences, with few exceptions, run concurrently. It is only where the other offense is punishable by a sentence less than life that there is likely to be an issue whether movement incidental to the commission of that offense constituted the separate crime of kidnapping." *People v Adams,* 34 Mich App 546, 569 fn 36; 192 NW2d 19 (1971). (Cross-reference omitted.)

[3] In the absence of a statute providing otherwise, all sentences in Michigan run concurrently. 8A Michigan Law & Practice, Criminal Law, § 714, p 390.

acquit on the charge underlying the kidnapping but convict on the latter. For this reason, the danger of "excessive prosecutorial zeal" is equally present.

We find, therefore, that the lower court improperly instructed the jury on the asportation element of kidnapping. Although there is substantial evidence to support a jury finding of nonincidental movement, see *People v Worden, supra,* at 515-516, and cases cited therein, the trial court's erroneous removal of the question from the jury requires our reversal. As stated in *Adams, supra,* at 238-239, when nonincidental movement is necessary to sustain a kidnapping conviction, it is a question of fact for the jury whether the alleged movement was incidental. "It is not for the Court to say that the jury would have so found, if the issue had been submitted to it."

We have examined defendants' three other alleged grounds for reversal and find them to be without merit.

Reversed and remanded for new trial.

R. M. MAHER, J., concurred.

DANHOF, C.J. *(dissenting).* I dissent. The majority has misperceived the issue in this case. The question is not what is the best definition of asportation, but how much should a court read into a legislative enactment. I would go no further than the Supreme Court. has gone in remaking the "kidnapping" statute.

Accordingly, I would follow *People v Hardesty,*[1]

---

[1] I would note the cases cited to bolster the *Worden* position do not really stand for the proposition they were cited to support. In each case cited, *People v Ford,* 47 Mich App 420; 209 NW2d 507 (1973), *People v Leszczynski,* 49 Mich App 555; 212 NW2d 255 (1973), and *People v Behm,* 52 Mich App 119; 216 NW2d 631 (1974), this Court remanded for retrial because the trial judge failed to instruct the jury

67 Mich App 376; 241 NW2d 214 (1976). *Hardesty* substantially has been incorporated into the Standard Criminal Jury Instructions. Compare CJI 19:1:01 with 19:1:02. The Supreme Court has urged all members of the bench and bar to use the standard instructions. Adm Order No 1977-1, 399 Mich lxxii (1977).

---

on the element of asportation. While each case involved coequal offenses, the decisions merely reflect, and rightly reflect, that asportation is always an element of kidnapping, unless some nonmovement element such as secret confinement supplies a necessary alternative to asportation. See *e.g., People v Leszczynski, supra,* at 557. They do not further hold asportation always means nonincidental movement. Each case directed upon retrial the jury should be instructed on the element of asportation "as required" or "as mandated" by *Adams.* On retrial of those cases the jury should have been instructed, as *Adams* mandates, that movement is an essential element of kidnapping, but movement incidental to an underlying coequal offense is sufficient.

Moreover, I would note it is no longer clear that *Worden* even enjoys the support of its author. *Worden* was authored by Judge ALLEN. In a subsequent case of *People v Harris,* 80 Mich App 161; 262 NW2d 912 (1977), Judge ALLEN wrote that *Adams* "appears to state that where the underlying offense is coequal in degree, *viz:*—a capital offense, *Adams* is inapplicable." *Id.* 169. No reference was made at that point to the opposite interpretation of *Adams* in *Worden.*