*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

STEVEN ARTHUR TERVO,

        Plaintiff-Appellant,

UNPUBLISHED
September 21, 2023

v

No. 363478
Livingston Circuit Court
LC No. 22-031527-CH

HP FORECLOSURE SOLUTION, LLC,

        Defendant-Appellee.

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, Steven Arthur Tervo, appeals as of right the trial court's order granting defendant, HP Foreclosure Solution, LLC, summary disposition under MCR 2.116(C)(10). We affirm.

## I. FACTS

This is an action for declaratory judgment and quiet title seeking to determine the parties' rights in property located at 3180 Kensington Road in Brighton Township, Michigan (the property). The underlying facts in this case are not disputed. The former owner of the property, Carol M. Harrison, gave first and second mortgages on the property. The first mortgage was held by NewRez LLC, d/b/a Shellpoint Mortgage Servicing (NewRez), and the second mortgage was held by DFCU Financial (DFCU).

On September 30, 2020, DFCU foreclosed the second mortgage by advertisement after Harrison defaulted on the second mortgage. DFCU took title to the property at a sheriff's sale. Harrison did not redeem the property within the statutory redemption period. On May 3, 2021, DFCU quitclaimed its interest in the property to defendant, and the quitclaim deed was recorded.

On May 18, 2022, NewRez foreclosed the first mortgage by advertisement. Plaintiff was the successful bidder at the sheriff's sale and became a third-party purchaser of the property. During the following redemption period, defendant attempted to redeem the property. Plaintiff

initiated this action seeking declaratory judgment and to quiet title in the property. Plaintiff alleged that defendant was not entitled to redeem the property under MCL 600.3240 because defendant did not acquire its interest in the property from the mortgagor.

Defendant moved for summary disposition under MCR 2.116(C)(10) asserting that under MCL 600.3236 the sheriff's deed vested in defendant all rights formerly held by the mortgagor. Defendant argued that there was no question of fact and that as the record holder of title to the property, defendant had the right to redeem the property from the foreclosure sale. At the conclusion of the hearing on the motion, the trial court granted defendant summary disposition, reasoning that under MCL 600.3236, defendant had a recorded interest in the property, was lawfully claiming under the mortgagor, and was permitted to redeem the property under MCL 600.3240. Plaintiff now appeals.

## II. DISCUSSION

Plaintiff contends that the trial court erred by granting defendant's motion for summary disposition. Plaintiff argues that defendant had no right to redeem the property because defendant did not acquire its interest in the property from the mortgagor, nor from the mortgagor's heirs or personal representative, as required by MCL 600.3240 to redeem the property. We disagree.

We review de novo the trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). We also review de novo questions of law, see *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 329; 964 NW2d 839 (2020), and questions of statutory interpretation, *Gleason v Kincaid*, 323 Mich App 308, 317; 917 NW2d 685 (2018). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim and is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). When reviewing the trial court's order granting or denying a motion under MCR 2.116(C)(10), this Court considers the documentary evidence in the light most favorable to the nonmovant. *Id*. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018).

A mortgage is "[a] conveyance of an interest in real estate to secure the performance of an obligation," which usually is a debt. *In re $55,336.17 Surplus Funds*, 319 Mich App 501, 507; 902 NW2d 422 (2017), quoting *State Bar Grievance Administrator v Van Duzer*, 390 Mich 571, 577; 213 NW2d 167 (1973). If the mortgagor defaults on a condition of the mortgage by which the power of sale becomes operative, the mortgagee may foreclose the mortgage by advertisement. MCL 600.3204(3).

The foreclosure of a mortgage extinguishes the mortgage; the purchaser of the property at the foreclosure becomes the owner of an equitable interest in the mortgaged premises. *Trademark Props of Michigan, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 138; 863 NW2d 344 (2014). However, after a sheriff's sale at a mortgage foreclosure is completed, a mortgagor may redeem the property by paying the amount owed within the redemption period. MCL 600.3240; *Kessler v Longview Agricultural Asset Mgmt, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023)

(Docket No. 360375); slip op at 3; see also *Bryan v JP Morgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). In that regard, MCL 600.3236 provides, in relevant part:

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, except as to any parcel or parcels which may have been redeemed . . . .

Regarding redemption, MCL 600.3240 provides in part:

> (1) A purchaser's deed under [MCL 600.3232] is void if the mortgagor, the mortgagor's heirs or personal representative, or any person that has a recorded interest in the property lawfully claiming under the mortgagor or the mortgagor's heirs or personal representative redeems the entire premises sold by paying the amount required under subsection (2) and any amount required under subsection (4), within the applicable time limit prescribed in subsections (7) to (12), to the purchaser or purchaser's personal representative or assigns, or to the register of deeds in whose office the deed is deposited for the benefit of the purchaser.

If no redemption occurs, the purchaser's equitable interest in the property "ripens into a legal title." *Trademark Props*, 308 Mich App at 139, quoting *Dunitz v Woodford Apts Co*, 236 Mich 45, 49; 209 NW2d 809 (1926). However, "[a] purchaser at a foreclosure sale of a second mortgage takes the property subject to the first mortgage." *Advanta Nat'l Bank v McClarty*, 257 Mich App 113, 124; 667 NW2d 880 (2003). Typically, the foreclosure of a junior mortgage does not affect the rights of a senior mortgagee. *Federal Home Loan Mtg Corp v Werme*, 335 Mich App 461, 482; 966 NW2d 729 (2021).

In this case, it is undisputed that DFCU purchased the property at the foreclosure of the second mortgage. The foreclosure extinguished the second mortgage, and DFCU obtained an equitable interest in the property. See *Trademark Props*, 308 Mich App at 139. Thereafter, neither Harrison nor anyone else redeemed the property; because no one redeemed the property, DFCU's equitable interest ripened into legal title, vesting in DFCU all right, title, and interest in the property, but subject to the first mortgage. See *id*. DFCU thus became the owner of the property to the same extent that the mortgagor had been. See MCL 600.3236 (Absent timely redemption of the property, the deed "shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, . . .").

DFCU thereafter quitclaimed its interest in the property to defendant. A quitclaim deed transfers all right, title and interest that the grantor has in the land described in the deed. *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 630; 752 NW2d 479 (2008). DFCU thus transferred its ownership interest in the property, which was subject to the first mortgage, to defendant. Defendant thereby became the owner of the property to the same extent DFCU had been, which is to the same extent that the mortgagor had been. See MCL 600.3236.

Plaintiff then purchased the property at the foreclosure of the first mortgage, thereby acquiring an equitable interest in the property. See *Trademark Props*, 308 Mich App at 139. If no one timely redeemed the property, plaintiff's equitable interest would have ripened into legal title. See *id*. Defendant, however, attempted to redeem the property, which led plaintiff to initiate this lawsuit.

Plaintiff argues that defendant could not redeem the property because under MCL 600.3240 the property could be redeemed only by "the mortgagor, the mortgagor's heirs or personal representative, or any person that has a recorded interest in the property lawfully claiming under the mortgagor or the mortgagor's heirs or personal representative. . . ." Plaintiff argues that defendant is not "claiming under the mortgagor" because defendant acquired its interest in the property from DFCU, not directly from the mortgagor. However, as discussed, MCL 600.3236 provides that the deed "shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, . . . ."

The right to foreclose a mortgage by advertisement is statutory. *Church & Church, Inc v A-1 Carpentry*, 281 Mich App 330; 766 NW2d 30 (2008). MCL 600.3236 and MCL 600.3240 are part of Chapter 32 of the Revised Judicature Act of 1961, entitled Foreclosure of Mortgages by Advertisement, MCL 600.3201 *et seq*. This Court construes statutes to ascertain and give effect to the intent of the Legislature, enforcing the unambiguous language of a statute as written. *Auto-Owners Ins Co v Dep't of Treasury*, 313 Mich App 56, 68-69; 880 NW2d 337 (2015). Separate provisions of a statute should, when possible, be read as a consistent whole, giving effect to each provision. *Kessler*, ___ Mich App at ___; slip op at 3. Further, courts generally are obligated to strictly comply with foreclosure statutes. *Great Lakes Prop Mgmt Consultants, Inc v HP Foreclosure Solution, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 363746); slip op at 3.

In this case, the trial court held that "pursuant to MCL 600.3236, . . . the Defendant, HP Foreclosure Solution, Inc. – or LLC, has a recorded interest in the property, lawfully claiming under the mortgagor, and may redeem the property as provided by MCL 600.3240." Reading MCL 600.3236 and MCL 600.3240 as part of a consistent whole, the trial court's reasoning is correct. When DFCU purchased the property at the foreclosure of the second mortgage, it obtained equitable ownership of the property, which ripened into legal title to the property subject to the first mortgage. DFCU thereafter quitclaimed its interest in the property to defendant, transferring all its right, title, and interest in the property to defendant. As a result, defendant became the owner of the property to the same extent that the mortgagor had been. See MCL 600.3236 (Absent timely redemption of the property, the deed "shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter, . . ."). Because under MCL 600.3240 the mortgagor originally could have redeemed the property from the purchaser of the property at the foreclosure of the first mortgage, under MCL 600.3236 defendant also could redeem the property from plaintiff because defendant acquired the interest in the property that the mortgagor had held.

The trial court therefore did not err by granting defendant's motion for summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly