PEOPLE *v.* MILLER.

1. FALSE PRETENSES—EVIDENCE—DIRECTED VERDICT—NEW TRIAL.

In prosecution for obtaining money by means of false pretenses, where evidence adduced by prosecution conclusively proved all of the elements necessary to establish the commission of the crime, defendant's motion to direct verdict of not guilty and his motion for new trial were properly denied.

2. SAME—REQUEST TO CHARGE—DIRECTED VERDICT.

In prosecution for obtaining money by means of false pretenses wherein it was claimed that defendant represented to complaining witness, a nonresident, that he could obtain a license from the liquor control commission because of acquaintance with members of the commission, request to charge that a witness should not be believed on a disputed question of fact where it appears that he has been guilty of deceitful conduct or perjury or making false statements in proceedings before courts or administrative boards or officers was properly refused where, in effect, it amounted to a direction of a verdict of not guilty and defendant was not entitled thereto.

3. CRIMINAL LAW—FALSE PRETENSES—INSTRUCTIONS—REQUESTS TO CHARGE.

In prosecution for obtaining money by means of false pretenses, trial court which gave a charge that was fair and as favorable to defendant as he could expect did not commit error in such charge by giving the substance of each of defendant's requests to charge except one to which he was not entitled in that it would, in effect, have been a direction of a verdict of not guilty and prosecution had presented evidence of all elements of crime charged.

4. SAME—FUNCTION OF JURY.

Jurors are the sole judges of the facts in a criminal prosecution and neither the trial court nor the Supreme Court can interfere with the exercise of that right.

Appeal from Cass; Warner (Glenn E.), J.  Submitted January 15, 1942.  (Docket No. 72, Calendar No. 41,677.)  Decided March 17, 1942.

Gordon Miller was convicted of obtaining money by false pretenses.  Affirmed.

*Charles W. Gore* and *Webster Sterling,* for appellant.

*Herbert J. Rushton,* Attorney General, and *Asa K. Hayden,* Prosecuting Attorney, for the people.

CHANDLER, C. J.  This is an appeal by defendant from a conviction and sentence for the crime of obtaining money by false pretenses from one Maurice Vandevelde.

We adopt the following from appellant's brief as a statement of facts:

"The defendant was arrested on complaint of one Maurice Vandevelde.  During the month of April, 1940, Vandevelde purchased a tavern in the village of Sumnerville, Cass county, Michigan.  Vandevelde was a resident of South Bend, Indiana.  The tavern was purchased from one Tony Pridavka, who had been operating the tavern for some time before and who owned the real estate.

"Pridavka's tavern license expired on the 1st day of May, 1940.  At this time Vandevelde was advised that he could not obtain a tavern license by reason of his nonresidence.  At about this time and between the 1st and 13th days of May, 1940, Vandevelde and the defendant met at the tavern.  The subject of discussion was Vandevelde's inability to obtain a license on account of the fact that he was not a resident of the State of Michigan.

"The complaining witness testified that the defendant told him at this time that he could get a

license for the place and advised the complaining witness not to say anything about it to anyone.' The two then went over to the A & M Hotel at Dewey Lake, a few miles away, where the defendant lived. On the way back, the defendant told Vandevelde that he, the defendant, was going to open a tavern at Sister Lakes; that the defendant was not supposed to have a license, but that he was going to open up on account of the fact that he knew some people connected with the liquor commission; that one of the members was a very good friend of his and he mentioned Mr. Parrish. He also mentioned Mr. DeFoe and Mr. Ehrmann, then members of the liquor control commission. Vandevelde said the defendant told him he was sort of a field man for these three members of the commission and that 'these three men took care of such things;' that when situations arose in the State where a man wanted to get a license, that he, the defendant, was the man that took care of it. The complaining witness also stated that the defendant told him if he could raise $300, he would give this money to the three men above described and that this money was to be split three ways, $100 each to Parrish, Ehrmann and DeFoe. The complaining witness claimed that the defendant told him that he could procure a license for $300 in the manner above recited.

"Vandevelde claimed that he then borrowed $300 from his father and two days thereafter saw the defendant at his tavern. The wife of the complaining witness was in the place at the time. Vandevelde said that the parties talked about the $300, whereupon he states that he counted out $300 in fifteen $20 bills and in the presence of Mrs. Vandevelde handed the money to the defendant Miller. Vandevelde claims that a few days later, the defendant came back to the tavern with blanks for a tavern license in the name of Tony Pridavka, the former owner, stating that a license in the name of Pridavka would be just the same as if the complaining

witness had the license. Vandevelde claims that he put up the money for the license, in Pridavka's name, and that Pridavka signed the application and the bond, whereupon, through the office of Lewis James, an attorney in Dowagiac, Michigan, the license was applied for and obtained in the name of Pridavka. Vandevelde claims that he paid for the application and the license.

"The complaining witness operated the tavern from May until July, 1940, when an investigation concerning the ownership of the place was made in July of 1940. Shortly thereafter the license was cancelled.

"The complaining witness then states he informed the defendant, who reassured the complaining witness that nothing would ever come of it. Pridavka was then notified to appear before the commission and the complaining witness told Miller, the defendant, about that. The defendant said that it would all be taken care of by his friends in Lansing, after which Mr. Pridavka went to Lansing with Mr. Miller in Miller's car. Pridavka attended the hearing. License was definitely cancelled after this hearing.

"The complaining witness said that the defendant told him at the time he gave him the $300, that if anything went wrong, he would pay the $300 back. Vandevelde then demanded the $300 back and the defendant said that he could not give it back to him but that the defendant assured him he would take care of him.

"During the time that the complaining witness was running the tavern in Pridavka's name, the liquor license was in Pridavka's name, the Federal license was in the name of Mrs. Vandevelde and the Michigan sales tax was paid under the name of 'Tony's Tavern.' Mrs. Vandevelde was also a nonresident of the State of Michigan.

"Messrs. Parrish, Ehrmann and DeFoe testified at the trial that they had never known the defendant

Miller and that he did not offer them nor pay them each $100 or any other sum of money.

"The file pertaining to the application of Tony Pridavka for a tavern license from May 1, 1940, was offered and received in evidence. This exhibit is marked exhibit 1. Exhibit 2 is the Maurice and Bessie Vandevelde file.

"The defendant, Gordon Miller, testified in his own behalf and positively denied all of the material claims made by the complaining witness.

"Bessie Vandevelde, wife of the complaining witness, testified that she saw her husband pay the defendant $300 in cash."

In the first count of the information, defendant was charged with obtaining the sum of $300 from the complaining witness by means of false pretenses and representations. The second count charged embezzlement of said sum by defendant. In the third count, he was charged with the larceny of this amount. This count was given no consideration on the trial, the conviction being under the first count.

The errors assigned and relied upon by defendant relate solely to the refusal of the trial court to charge the jury as requested, in the charge as given, and in the refusal of the court to grant defendant's motion for a new trial.

At the close of the proofs, defendant made the following motion which was denied by the court:

"At this time, the State and the defense having rested, the defendant moves that the court direct the jury to return a verdict of not guilty.

"This motion is based on the following grounds: That the State has failed to prove all of the elements of the crime of false pretenses.

"2. That the State has failed to prove the crime of embezzlement.

"3. That the evidence adduced by the State fails to prove the commission of any crime known to the laws or statutes of the State of Michigan."

The evidence adduced by the prosecution conclusively proved all of the elements necessary to establish the commission of the crime of obtaining money by means of false pretenses, and the trial court properly denied defendant's motion to direct a verdict of not guilty.

For the same reason, we hold that no error was committed in denying the following motion for a new trial:

"Now comes the above-named defendant by Charles W. Gore and Webster Sterling, his attorneys, and moves that said court enter an order setting aside the judgment and verdict therein and granting a new trial for the following reasons, to-wit:

"1. Because the verdict of the jury was against the overwhelming weight of the evidence.

"2. Because the verdict of the jury was contrary to the law and the facts.

"3. Because the testimony adduced at the trial did not tend to prove the violation of any criminal law or statute of the State of Michigan.

"4. Because the prosecution failed to adduce any testimony to sustain the charge in the information.

"And said court is hereby respectfully requested to file reasons in writing for its rulings upon the foregoing questions.

"The motion is based upon the records and files and testimony taken in said cause."

The court in denying said motion gave the following reasons:

"Issues of fact were presented for decision of the jury. The verdict was not contrary to the law or the evidence. Motion for new trial is denied."

Defendant's requests to charge were brief and we quote them in full.

"1.   I charge you that, in considering the testimony of any witness, if you believe that he has testified intentionally falsely concerning any material fact, you have a right to disregard all his testimony in the case, except as such testimony has been corroborated by other testimony which you believe.

"2.   I further instruct you that a witness should not be believed on a disputed question of fact, where it appears that he has been guilty of deceitful conduct, perjury, and has made sworn allegations that are false in proceedings before courts or administrative boards or officers.

"3.   In the consideration of whether or not you believe the testimony of a witness, it is important that you be satisfied from the testimony, that he is telling the truth, and in deciding that question, you should consider whether the testimony in the case has shown such witness to have lied about or on account of his own business transactions, and, especially about the matters involved in this case.

"4.   You are not to convict Gordon Miller, if you do not believe him to be guilty beyond a reasonable doubt; and if you do not believe the testimony of the witnesses sworn by the State to prove his guilt, you are in duty bound to render a verdict of 'not guilty.'

"5.   In considering the guilt or innocence of this defendant, you must bear in mind that the testimony offered by the State is the story of a transaction not in writing, but based solely on the spoken word.   In this connection, therefore, you should carefully scrutinize the testimony, in order to give the defendant the benefit of every reasonable doubt. And a reasonable doubt may arise from the fact that you do not think the witnesses for the State are worthy of belief."

We have carefully reviewed the charge of the trial court and such review discloses that the substance

of all of defendant's requests were given, excepting request No. 2 which was properly refused. To have given this request would, in effect, have been a direction of a verdict of not guilty, and to this defendant was not entitled. Jurors are the sole judges of the facts and neither the trial court nor this court can interfere with their exercise of that right.

Our review of the court's charge further discloses that it was eminently fair and as favorable to defendant as he could expect. We find no error therein.

We are convinced upon review of the record that the jury arrived at a correct verdict, and that no error was committed in the trial and proceedings by which said result was obtained.

The conviction and sentence are affirmed.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.