PEOPLE v. PUTNAM.

1. Automobiles—Failure to Stop at Scene of Accident—Knowledge of Accident—Penalties.

The section of the uniform motor vehicle act relating to penalties imposable upon motorists involved in accidents applies to violators of provisions of portions of section relating to failure to stop at the scene of the accident and failure to render assistance to injured in such accident provided the offense is properly set forth in the information, one of the statutory requisites being that the motorist knows that his vehicle has been involved in an accident (1 Comp. Laws 1929, § 4722 [a], [c], as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act 262, Pub. Acts 1941).

2. Indictment and Information—Automobiles—Failure to Stop at Scene of Accident—Knowledge that Car was Involved.

Where information charged defendant motorist with knowingly failing to stop at scene of accident and render assistance to a person injured thereby and defendant was convicted, the information was insufficient to charge a violation of the motor vehicle act, since it failed to charge defendant knew his vehicle had been involved in an accident (1 Comp. Laws 1929, § 4722 [a], as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

3. Criminal Law—Automobiles—Knowledge that Car was Involved in Accident.

Notwithstanding record in prosecution for crime of failing to stop at scene of accident contains testimony from which the jury might have found defendant knew his vehicle had been involved in an accident resulting in injury or death to a person, where such knowledge was not charged in information, and jury was not instructed that it must find beyond a rea-

References for Points in Headnotes

[2, 5] 5 Am. Jur., Automobiles, § 813.
[5] 27 Am. Jur., Indictments and Informations, § 58.

sonable doubt that he had such knowledge, the Court cannot usurp the proper functions of the jury in determining the issues of fact and make such decision (1 Comp. Laws 1929, § 4722 [a], as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

4. INDICTMENT AND INFORMATION—SUFFICIENCY OF INFORMATION—EVIDENCE.

The sufficiency of an information does not depend upon the proofs.

5. SAME—SPECIFICATION OF CHARGE.

One accused of crime is entitled to be proceeded against under an information which, with a fair degree of certainty, specifies the particular charge against him and fixes the scope of the prosecution.

6. AUTOMOBILES—LEAVING SCENE OF ACCIDENT—KNOWLEDGE THAT VEHICLE WAS INVOLVED.

Motorist accused of leaving the scene of an accident must be charged with being the operator of a vehicle which he knew was involved in an accident in order to be charged with a crime (1 Comp. Laws 1929, § 4722 [a], as amended by Act No. 318, Pub. Acts 1939; § 4748, as amended by Act No. 262, Pub. Acts 1941).

Appeal from Midland; DesJardins (George W.), J., presiding. Submitted October 15, 1948. (Docket No. 94, Calendar No. 44,080.) Decided December 17, 1948.

Sherman W. Putnam was convicted of failing to stop at scene of an accident resulting in personal injuries. Reversed and remanded.

*Robert J. Curry* and *John D. Currie,* for appellant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Harry W. Jackson,* Assistant Attorney General, and *Walter B. Brown,* Prosecuting Attorney, for the people.

BOYLES, J. Defendant was tried by jury, convicted and sentenced for a period of 1 to 5 years in State

prison for failing to stop at the scene of an accident which resulted in the death of the person struck by the defendant's automobile on the public highway. The information charged that the defendant, being the operator of a certain motor vehicle, on a public highway, which had become involved in an accident resulting in injury or death to one Wilson Davis, "did then and there fail to immediately stop the said motor vehicle, so being operated by him, at the scene of such accident, in violation of 9.1590(a) and 9.1617, Michigan Statutes Annotated,* as the same may have been amended." Defendant appeals, and for reversal claims, among other grounds, that the information is fatally defective in that it fails to allege that the defendant knew his vehicle had been involved in an accident resulting in injury or death of any person.

In *People* v. *Lepler,* 315 Mich. 490, the defendant pleaded guilty and was sentenced for a period of 4½ to 5 years in State prison for failing to stop at the scene of an accident which resulted in the death of the person struck by the defendant's automobile on the public highway. The information in that case, the same as in the case at bar, charged that the defendant, being the driver of a certain automobile, on a public highway, which had become involved in an accident resulting in the death of a person, "did then and there knowingly and willfully fail and neglect to immediately stop said motor vehicle at the scene of said accident."

Both the *Lepler Case, supra,* and the instant case were predicated on a claimed violation of the same statute. The material part of Act No. 318, § 30, Pub. Acts 1927 (1 Comp. Laws 1929, § 4722), as last amended by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1947 Cum. Supp. § 9.1590), provides:

---

* See statutes referred to *post,* pp. 376, 377.—Reporter.

"(a) The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop such vehicle at the scene of such accident and any person violating this provision shall upon conviction be punished as provided in section 56 of this act."

(In the *Lepler Case* the defendant was also charged with violation of section 30(c) of said act. This difference is immaterial, inasmuch as violations of both subsections (a) and (c) of said section 30 are punishable in the same manner under section 56 of said act.)

Section 56 of said act, as last amended by Act No. 262, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 4748, Stat. Ann. 1947 Cum. Supp. § 9.1617) provides:

"Every person who is the driver of a vehicle and who knows such vehicle has been involved in an accident and who is convicted of violating the provisions of either subsections A or C of section 30 of this act in connection with such accident shall be punished by imprisonment in the county or municipal jail for not less than 30 days nor more than one year, or in the State prison for not less than 1 nor more than 5 years, or by fine of not less than $100 nor more than $5,000 or by both such fine and imprisonment."

In the *Lepler Case* we said:

"Defendant claims that the above second count does not contain the allegation that the driver knew such vehicle was involved in an accident resulting in the injury or death of a person, and that without such allegation the amended section 56 does not apply and that sentence could only be imposed under the general penalty section as to violation of the act as a misdemeanor. See 1 Comp. Laws 1929, § 4745 (Stat. Ann. § 9.1614). However, we consider that section 56 applies to violations of subsections (a) and (c) of section 30, provided the offense is proper-

ly set forth in the information. One of the statutory requisites is that the person charged was 'the driver of a vehicle who knows such vehicle has been involved in an accident.' (1 Comp. Laws 1929, § 4748, as amended by Act No. 262, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 4748, Stat. Ann. 1945 Cum. Supp. § 9.1617.)"

The Court held that the information was fatally defective and set aside the conviction and sentence. The information in the case at bar is subject to the same infirmity as in the *Lepler Case*. In that case the defendant did not plead guilty to a charge that he knew the vehicle had been involved in an accident. In the case at bar the defendant was not convicted on a charge of having knowledge that his vehicle had been involved in an accident. He was not charged with such guilty knowledge. The jury was not instructed that it must find, beyond a reasonable doubt, the fact to be that the defendant knew his automobile had been involved in an accident. That issue was not submitted to the jury. Instead, the case was submitted to the jury only on one issue of fact for its determination. The court instructed the jury:

"I say to you now, gentlemen of the jury, the respondent is charged in this information under this statute with the offense of having failed to immediately stop such vehicle at the scene of such accident, and no other offense. * * *

"As I stated to you before, Sherman Putnam is accused of but one offense, and no other, and that is, he was involved in an accident resulting in injury or death of Davis and that he failed to immediately stop such vehicle. The wording of the statute is so simple that definition is unnecessary. * * *

"If, on the other hand, on that night, at that time and that place, you find beyond a reasonable doubt that Sherman Putnam had this collision, and from the evidence in the case beyond a reasonable doubt, you find that was an accident resulting in injury or

death to Wilson Lee Davis, and he failed to stop his motor vehicle, he is guilty of the offense charged. * * *

"You have two theories, but only in one place did the theories greatly vary—did the respondent stop as he says he did, or did he fail to stop, and under the instructions that I have given to you that is a question of fact for you to determine."

We find, in the record before us, testimony from which the jury might have concluded, beyond a reasonable doubt, that the defendant knew his vehicle had been involved in an accident resulting in injury or death to a person, if such an issue of fact had been submitted to it for its determination. However, "the sufficiency of an information does not depend upon the proofs. It either is or is not, upon its face, a good information." *People* v. *Webb,* 127 Mich. 29. It is not the province of the Court to usurp the proper functions of the jury in determining issues of fact. It is not for the Court to say that the jury would have so found, if the issue had been submitted to it.

"It will not do to say, as possibly might be said in the instant case, that the accused clearly knew what offense he was charged with having committed. He is entitled to be proceeded against under an information which with a fair degree of certainty specifies the particular charge made against him and which fixes the scope of the prosecution." *People* v. *Brown,* 299 Mich. 1.

In the case at bar, we are constrained to hold, as was said in the *Lepler Case:*

"The information is not so drawn as to charge that defendant knew his vehicle had been involved in the accident in question. Instead, the information charges no offense. The plea (conviction) and sentence are set aside.

. ' "The judgment is reversed. The case is remanded to the trial court without prejudice to the people's right to take such further proceedings as may be deemed fit and proper, including such action as may be deemed advisable incident to charging defendant with having committed the offense with which he was sought to be prosecuted in the instant case."

Reversed and remanded for further proceedings.

BUSHNELL, C. J., and SHARPE, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.