PEOPLE v HARDESTY

1. KIDNAPPING—ASPORTATION—OTHER CRIMES—GREATER DANGER—
INHERENT THREAT.

The element of asportation in the crime of kidnapping is not
satisfied where the movement of a victim is merely incidental
to the commission of another underlying lesser offense, but
movement that adds either a greater danger or threat to the
victim beyond that inherent in the crime intended constitutes
legal asportation.

2. KIDNAPPING—ASPORTATION—GREATER DANGER—BODILY HARM—
RAPE.

A complainant who was taken to a secluded spot more than seven
miles from the point of her abduction and raped was subjected
to a greater danger of bodily harm or death than that inherent
in the crime of rape, which justified a finding of legal asporta-
tion supporting a separate and distinct charge of kidnapping.

3. CRIMINAL LAW—COURTS—DEFENDANTS—PLEA OF GUILTY—INFORM-
ING OF CHARGE—GENERAL NATURE.

It is sufficient for a court when taking a guilty plea to inform a
defendant of the general nature of the charge against him.

4. CRIMINAL LAW—SENTENCING—YOUTHFUL TRAINEE—PLEA OF
GUILTY.

A defendant's petition to be considered for trainee status under
the Holmes youthful trainee act must be made before a plea of
guilty (MCLA 762.11 *et seq.;* MSA 28.853(11) *et seq.).*

5. COURTS—PROCEDURE—CLAIMS OF ERROR—RECORD—EVIDENTIARY
HEARING—TRIAL COURTS.

A defendant seeking to advance claims on matters not of record
must seek an evidentiary hearing to establish his claim at the
trial court level.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 1 Am Jur 2d, Abduction and Kidnapping § 11 *et seq.*
[3, 4] 21 Am Jur 2d, Criminal Law §§ 495, 496.
[5] 76 Am Jur 2d, Trial § 1244.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted April 16, 1975, at Lansing. (Docket No. 19531.) Decided February 11, 1976. Leave to appeal applied for.

Gary Hardesty was convicted, on his plea of guilty, of kidnapping. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Lynwood E. Noah,* Senior Assistant Prosecuting Attorney, for the people.

*F. Michael Schuck, III,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant, Gary Hardesty, pled guilty and was convicted of kidnapping, MCLA 750.349; MSA 28.581. He appeals. The Supreme Court in the *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), vacated its special order of the Supreme Court at 394 Mich 946 (May 29, 1975), which directed the Court of Appeals to hold in abeyance decisions on the merits of appeals from pleas of guilty.

The transcript of the guilty plea proceeding reveals that on September 4, 1973, the defendant and two other young men were cruising the streets of Ypsilanti in an automobile. The trio stopped and asked the complainant for directions to Florence Street. On the pretense that they were unfamiliar with the area, they persuaded the complaining witness to enter the car and to direct them to Florence Street. The defendant admitted that at the time he and his accomplices picked up the

complainant they were not lost, but were merely using that ploy to lure the complaining witness into the automobile. The three men then took the complainant to a secluded spot outside of Ypsilanti and raped her.

Defendant argues that the trial judge failed to establish a factual basis for the plea of guilty to kidnapping. GCR 1963, 785.7(3). He suggests that the kidnapping was merely incidental to the rape and, therefore, was not a chargeable crime. We disagree. The element of asportation in the crime of kidnapping is not satisfied where the movement of the victim is merely incidental to the commission of another underlying lesser offense. *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973). Movement that adds either a greater danger or threat to the victim beyond that inherent in the crime of intended perpetration constitutes legal asportation, *People v Adams, supra.*

The rationale for the rule was explained in *Adams* quoting *People v Miles,* 23 NY2d 527; 297 NYS2d 913; 245 NE2d 688, 695 (1969):

"In short, the * * * rule was designed to prevent gross distortion of lesser crimes into a much more serious crime by excess prosecutorial zeal." *People v Adams, supra,* 232.

At the time of the commission of the kidnapping, both rape, MCLA 750.520; MSA 28.788, and kidnapping, MCLA 750.349; MSA 28.581, authorized a maximum penalty of life in prison. The rationale for the rule is inapplicable to this case because this is not an attempt by a prosecutor to overcharge or to grossly distort a lesser crime into a more serious charge.

Moreover, the complainant was taken to a secluded spot outside of Ypsilanti and raped. On the

return trip she was let out at Interstate 94 and Beck Road. We take judicial notice that this is at least seven miles from the point of abduction. At the scene of the rape any of the assailants could have decided to do even greater bodily harm or to kill the complainant for fear of future identification. We hold that the movement of the complainant to a secluded area more than seven miles from the point of abduction added a greater danger or threat to the complainant beyond that inherent in the crime of rape. This justified a finding by the trial court of legal asportation to support a separate and distinct charge of kidnapping. *People v Baker,* 60 Mich App 309; 230 NW2d 409 (1975), *lv den,* 394 Mich 791 (1975).

Defendant next argues that to inform the defendant at the guilty plea that he is charged with kidnapping does not satisfy the requirement that the defendant be appraised of the general nature of the charge. GCR 1963, 785.7(1)(a). Defendant is in error. It is sufficient to inform the defendant of the charge. *Guilty Plea Cases, supra.*

The next issue raised on appeal is that defendant's guilty plea was a nullity because it was improper for the trial judge to accept the plea while considering defendant's petition as a trainee under the Holmes youthful trainee act. MCLA 762.11 *et seq.;* MSA 28.853(11) *et seq.* Defendant has placed the cart before the horse. A petition under the Holmes act must be made before a plea of guilty. *People v Bandy,* 35 Mich App 53, 57–58; 192 NW2d 115 (1971), *lv den,* 386 Mich 753 (1971). Defendant failed to make the petition prior to the plea and therefore, it was improper for the trial judge to consider the petition.

In line with this argument defendant contends that the trial judge improperly refused to consider

defendant's petition for placement under the Holmes act until he pled guilty. There is no record support for defendant's allegation. A defendant wishing to advance claims on matters not of record must seek an evidentiary hearing to establish his claim at the trial court level. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

The final issue for consideration is that the defendant's guilty plea was involuntary because he was not given an adequate opportunity to withdraw his plea as per the plea bargaining agreement when informed by the trial judge that the sentence would exceed 2-1/2 years to 15 years. The record discloses the defendant was given an opportunity to withdraw his plea and refused.

The remaining issues need not be discussed because they either are not supported by the record or are without merit.

Affirmed.