PEOPLE v BARKER

PEOPLE v SLAYTON

PEOPLE v LYNN

Docket Nos. 63359, 63503. Argued May 6, 1980 (Calendar Nos. 3, 4).—
Decided June 19, 1981. Rehearing denied as to *Lynn post,* 1157.

James H. Barker and Claude A. Slayton, Jr., were charged with
kidnapping and first-degree criminal sexual conduct. A jury in
Wayne Circuit Court, John R. Kirwan, J., convicted Barker of
kidnapping and third-degree criminal sexual conduct, and con-
victed Slayton of kidnapping but acquitted him of criminal
sexual conduct. The complaining witness testified that the
defendants forced her into their automobile, knocked her un-
conscious, drove her 15 to 18 miles into the country, and raped
her. The trial court instructed the jury that the asportation
element of kidnapping would be satisfied if they found that
there was movement of the complainant incidental to the
offense of criminal sexual conduct. The Court of Appeals, R. M.
Maher and D. C. Riley, JJ. (Danhof, C.J., dissenting), reversed
the convictions of kidnapping on the ground that the instruc-
tion on the inference of asportation was erroneous and that the
element of asportation was a question of fact for the jury to
decide (Docket Nos. 77-2171, 78-839). The people appeal.

James A. Lynn was convicted by a jury in Wayne Circuit Court,
Michael L. Stacey, J., of kidnapping and first-degree criminal
sexual conduct. The complaining witness, who was 10-1/2 years
old, testified that the defendant came to her apartment, brand-

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 1 Am Jur 2d, Abduction and Kidnapping §§ 9, 11, 12, 18.
[3] 75 Am Jur 2d, Trial § 623.
   Seizure or detention for purpose of committing rape, robbery, or
   similar offense as constituting separate crime of kidnapping. 43
   ALR3d 699.
[5] 1 Am Jur 2d, Abduction and Kidnapping §§ 11, 12, 18.
   73 Am Jur 2d, Statutes § 346.
[6] 1 Am Jur 2d, Abduction and Kidnapping §§ 20, 21.
   73 Am Jur 2d, Statutes § 346.
[7] 1 Am Jur 2d, Abduction and Kidnapping § 9.

ished a knife, and took some money from her older brother, and that after the robbery the defendant carried her to another apartment and forced her to engage in fellatio and attempted to have sexual intercourse with her. The trial court instructed the jury that asportation that is incidental to the commission of the criminal sexual conduct is sufficient to satisfy the asportation element of the kidnapping charge. The Court of Appeals, Cynar, P.J., and D. C. Riley, J. (D. E. Holbrook, Jr., J., concurring in result), reversed the conviction of kidnapping and remanded that matter for a new trial on the ground that the instruction on asportation was erroneous (Docket No. 77-3309). The people appeal.

In an opinion by Justice Fitzgerald, joined by Chief Justice Coleman and Justices Williams and Moody, and concurred in by Justices Levin and Ryan except as to limiting its application to pending and future cases, the Supreme Court *held:*

An instruction that asportation of the victim that is incidental to the commission of the coequal sexual offense is sufficient to satisfy the asportation element of kidnapping is erroneous.

1. Virtually any assault, any battery, any rape, or any robbery involves some "intentional confinement" of the person of the victim. To read the kidnapping statute literally is to permit a prosecutor to aggravate the charges against any assailant, robber, or rapist by charging the literal violation of the kidnapping statute which must inevitably accompany each of those offenses. Just as it is obvious that the Legislature did not intend the kidnapping statute to expose virtually every other crime against the person to capital sanctions, so too it is obvious that the language of the statute provides no standards for determining who shall be punished for its violation. The solution to cure the overbreadth of the statute is to interpolate the requirement of asportation. The element must not be merely incidental to the commission of a lesser underlying crime, it must be incidental to the commission of the kidnapping.

2. This solution serves to prevent the escalation of charges from a lesser offense to a greater capital offense. A similar concern exists when the underlying crime is equal as to its punishment. Movement, to be sufficient to meet the asportation requirement for kidnapping, must be shown to have significance independent of any accompanying offense. A course of movement incidental to a kidnapping and another offense could be of such a quality and character as to supply the element of asportation for kidnapping.

3. The instructions to the juries in these cases allowed the

juries to infer the required element of asportation from movement which is merely incidental to the underlying crime. Essentially, the instructions were that if the jury found there was movement either for the purpose of kidnapping the victim or to commit the crime of criminal sexual conduct, this would be sufficient for the asportation element of kidnapping. This instruction did not inform the jury that asportation for the purpose of kidnapping was essential, and served to usurp from their province the necessity of finding that crucial element. It was reversible error to instruct that the asportation element of kidnapping would be satisfied if the jury found the movement of the victim to be incidental to the underlying coequal offense of first-degree criminal sexual conduct. Where applicable, the element of asportation is crucial, regardless of the length of punishment mandated by the Legislature. To hold otherwise would be to assert that the overbreadth problem in the statute is immaterial in cases where another serious crime is committed.

4. The holding in this case does not preclude the possibility of the concurrent commission of first-degree criminal sexual conduct and kidnapping. A properly instructed jury could find, under the facts of a particular case, for example, that movement of the rape victim was sufficient to satisfy the requisite element of asportation for a conviction of kidnapping.

Justice Kavanagh concurred in the result, but disagreed with the reasoning. It was unnecessary and erroneous to read the element of asportation into the kidnapping statute to save it from being unconstitutionally overbroad. Conviction under the statute properly requires proof either of forcibly carrying or sending a person out of the state, or of confining a person within the state for one of three ultimate purposes specified in the statute. Unless the kidnapping charged involves carrying or sending a person out of Michigan, no element of asportation is implicated in the statute. Any overbreadth would be avoided by requiring proof of the intent specified in the kidnapping statute as the ultimate purpose of the criminal act so that a misdemeanor would not be elevated to a felony. In these cases the ultimate purpose of the confinement of the complainants was shown to be the commission of criminal sexual conduct. Confinement for that purpose is not covered by the kidnapping statute.

Affirmed.

90 Mich App 151; 282 NW2d 266 (1979) affirmed.

91 Mich App 117; 283 NW2d 664 (1979) affirmed.

OPINION OF THE COURT

1. KIDNAPPING — ASPORTATION — OTHER CRIMES.

The element of movement or asportation in a kidnapping must not be merely incidental to the commission of another crime, it must be incidental to the kidnapping (MCL 750.349; MSA 28.581).

2. KIDNAPPING — ASPORTATION.

The element of asportation must be shown to be movement having significance independent of any accompanying offense, whether the accompanying offense charged carries equal punishment or is a lesser offense (MCL 750.349; MSA 28.581).

3. KIDNAPPING — ASPORTATION — OTHER CRIMES — INSTRUCTIONS TO JURY.

An instruction to the jury that the element of asportation in a kidnapping would be satisfied if the jury found the movement of the victim to be incidental to the concurrent commission of first-degree criminal sexual conduct is reversible error (MCL 750.349, 750.520a *et seq.;* MSA 28.581, 28.788[1] *et seq.).*

4. KIDNAPPING — ASPORTATION — RAPE — CRIMINAL SEXUAL CONDUCT.

There may be a concurrent commission of first-degree criminal sexual conduct and kidnapping arising from the same conduct; a jury which is properly instructed could find under the facts of a particular case, for example, that movement of the rape victim was sufficient to satisfy the requisite element of asportation for a conviction of kidnapping (MCL 750.349, 750.520a *et seq.;* MSA 28.581, 28.788[1] *et seq.).*

OPINION CONCURRING IN RESULT BY KAVANAGH, J.

5. KIDNAPPING — ASPORTATION — INTENT — STATUTES.

*An element of asportation need not be read into the kidnapping statute to save it from being unconstitutionally overbroad; unless the kidnapping charged involves carrying or sending a person out of Michigan, no element of asportation is implicated in the statute (MCL 750.349; MSA 28.581).*

6. KIDNAPPING — INTENT — STATUTES.

*Any overbreadth of the kidnapping statute would be avoided by requiring proof of the intent specified in the statute as the ultimate purpose of the confinement of the person kidnapped, i.e., either the intent to extort money or other valuable thing, or the intent to cause the person to be secretly confined, or the*

*intent to cause the person to be held to service against his or her will, where the kidnapping charged does not involve carrying or sending a person out of Michigan (MCL 750.349; MSA 28.581).*

7. KIDNAPPING — INTENT — CRIMINAL SEXUAL CONDUCT.

   *Confinement of a person in Michigan for the ultimate purpose of committing criminal sexual conduct is not covered by the kidnapping statute (MCL 750.349, 750.520a et seq.; MSA 28.581, 28.788[1] et seq.).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Bell & Hudson, P.C.,* for defendant Slayton.

State Appellate Defender (by *Nora J. Pasman)* for defendant Lynn.

FITZGERALD, J. We granted leave to appeal in these cases to decide whether, in a prosecution for kidnapping and first-degree criminal sexual conduct, the trial court erred reversibly in instructing that the asportation element of kidnapping would be satisfied if the jury found the movement of the victim to be incidental to the commission of the underlying *coequal*[1] offense of first-degree criminal sexual conduct. 407 Mich 902 (1979).

We hold that the trial courts erred in instructing the jurors that asportation of the victims that is incidental to the commission of the sexual offense is sufficient to satisfy the asportation element of the kidnapping charge. We adopt the pertinent statement of facts in the Court of Appeals opinions.

---

[1] *Coequal* is in reference to the length of punishment mandated by the Legislature for the offense.

## I. *People v Barker*

"Defendants were each charged with one count of kidnapping, MCL 750.349; MSA 28.581, and one count of first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1). Each crime is punishable by any term of imprisonment up to life. The complainant charged that defendants forced her into their automobile, knocked her unconscious, drove some 15 to 18 miles into the country and there raped her.

"Defendant Barker was convicted by a jury of kidnapping and third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4), and was sentenced to two concurrent prison terms of 18 months. Defendant Slayton was convicted of kidnapping, but acquitted of any criminal sexual conduct, and was sentenced to five years of probation, six months of which were to be spent in prison." *People v Barker*, 90 Mich App 151; 282 NW2d 266 (1979).

Defendant Slayton appealed as of right. Defendant Barker was granted a delayed appeal. Their appeals were consolidated for review by the Court of Appeals.

On appeal, the Court of Appeals reversed the kidnapping convictions of both defendants, holding that the trial court committed reversible error by instructing the jury that they could satisfy the required asportation element of kidnapping by finding the existence of movement that is merely incidental to the offense of criminal sexual conduct.

The Court opined that the rule set forth in *People v Adams*, 389 Mich 222, 236; 205 NW2d 415 (1973),[2] is not limited solely to the prevention of

---

[2] Movement "merely incidental to the commission of" an underlying lesser offense is insufficient to satisfy the asportation element of kidnapping.

the distortion of lesser offenses into those more serious, but to further prevent one crime from being transformed into two (*e.g.,* kidnapping and rape), and that those decisions holding *Adams* applicable to coequal offenses represent the better reasoned approach.

## II. *People v Lynn*

"On June 22, 1977, defendant was found guilty of one count of kidnapping, MCL 750.349; MSA 28.581, and one count of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). On July 7, 1977, he was sentenced to concurrent terms of life imprisonment. Defendant now appeals as of right.

"At trial, Tammy Trombley, the 10-1/2-year-old complainant, testified that on the night of February 24, 1977, she was home with her 13-year-old brother. At approximately 8:30 p.m., a man, later identified as defendant, came to their apartment and asked to use the phone. After obtaining admittance to the premises he brandished a knife and took some money from the complainant's brother. The complainant's preliminary examination testimony, which was read at trial, also established that the defendant had also taken a ring from the apartment.

"The complainant testified that after the robbery defendant carried her to a nearby apartment. At this time he forced her to engage in fellatio and unsuccessfully attempted to engage in sexual intercourse with her." *People v Lynn,* 91 Mich App 117; 283 NW2d 664 (1979).

The Court of Appeals reversed defendant's conviction of kidnapping and remanded for a new trial because the trial court erroneously charged the jury that the asportation needed to establish the kidnapping charge could be incidental to the commission of first-degree criminal sexual conduct.

### III

We note disagreement among Court of Appeals panels on the issue of whether the asportation element required for kidnapping may be incidental to another offense when the punishment for that offense is equal to that for kidnapping.[3]

In *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973), we upheld the constitutionality of the Michigan kidnapping statute, MCL 750.349; MSA 28.581. The problem we confronted was expressed in Judge LEVIN's analysis in *People v Otis Adams,* 34 Mich App 546, 560-561; 192 NW2d 19 (1971):

"It is obvious that virtually any assault, any battery, any rape, or any robbery involves some 'intentional confinement' of the person of the victim. To read the kidnapping statute literally is to convert a misdemeanor, for example, assault and battery, into a capital offense. A literal reading of the kidnapping statute would permit a prosecutor to aggravate the charges against any assailant, robber, or rapist by charging the literal violation of the kidnapping statute which must inevitably accompany each of those offenses.

\* \* \*

"Just as it is obvious that the Legislature did not

[3] In *People v Worden,* 71 Mich App 507, 513-514; 248 NW2d 597 (1976), where the charges were kidnapping and armed robbery, coequal offenses, the Court of Appeals held *Adams* applicable:

"While it is true that the *Adams* Court was concerned with the conversion of a simple crime into a capital offense, the logic of the opinion goes further and is directed to prohibiting any conversion of a single offense into two offenses. Thus it matters not whether the single offense is a minor misdemeanor such as simple assault or a capital felony such as armed robbery."

To the contrary is *People v Hardesty,* 67 Mich App 376; 241 NW2d 214 (1976), which relied on the Court's quotation from *People v Miles,* 23 NY2d 527, 540; 245 NE2d 688, 695 (1969), that the *Adams* rule " 'was designed to prevent gross distortion of lesser crimes into a much more serious crime by excess of prosecutorial zeal' ". 389 Mich 232. The panel in *Hardesty* held that *Adams* was limited in application to situations where the underlying or other offense constituted a "lesser crime".

intend the kidnapping statute to expose virtually every other crime against the person to capital sanctions, so too it is obvious that the language of the statute provides no standards for determining who shall be punished for its violation."

The solution to cure the overbreadth of the statute was to interpolate the requirement of asportation. As to this requirement, we held:

"[T]he movement element must not be merely incidental to the commission of a lesser underlying crime, *i.e.,* it must be incidental to the commission of the kidnapping." 389 Mich 222, 236.

Our decision in *Adams* served to prevent the escalation of charges from a lesser offense to a greater capital offense by requiring the jury to find asportation or its equivalent in order to find the accused guilty of the separate crime of kidnapping. A similar concern exists when the underlying crime is coequal as to its punishment.[4]

*Adams* established the rule that movement, to

---

[4] As noted by the Court of Appeals panel in *People v Barker,* 90 Mich App 151, 156-157; 282 NW2d 266 (1979):

"We are of the opinion that the thrust of *Adams* is not limited solely to the prevention of the distortion of lesser offenses into those more serious, but to further prevent one crime from being transformed into two *(e.g.,* kidnapping and rape), and that those decisions holding *Adams* applicable to coequal offenses represent the better reasoned approach.

"It may be argued that a danger perceived by *Adams,* that of excessive prosecutorial zeal, is not as prevalent where two capital offenses are involved, inasmuch as the result would be two concurrent sentences of up to life instead of one.

"While it is certainly true that multiple sentences in Michigan run concurrently, it is also true that the conversion of a single capital offense into two capital offenses by charging incidental movement of the victim results in not only perhaps an additional concurrent sentence up to life, but also in two chances for conviction instead of only one. It is entirely possible for the jury to acquit on the charge underlying the kidnapping but convict on the latter. For this reason, the danger of 'excessive prosecutorial zeal' is equally present."

be sufficient to meet the asportation requirement for kidnapping, must not be "merely incidental" to an underlying lesser offense, "it must be incidental to the commission of the kidnapping".

When it is necessary to find asportation in order to find guilt of kidnapping, it must be shown to be movement having significance independent of any accompanying offense. A course of movement incidental to both a kidnapping and another offense could be of such quality and character as to supply the asportation element of kidnapping.

In *Adams* we recognized that finding movement sufficient to satisfy the asportation element is a complex determination. To aid the factfinder in making this determination we set forth factors to be considered.[5] In cases where a defendant has chosen to be tried by a jury, the following declaration expressed in *Adams* applies:

" 'Jurors are the sole judges of the facts and neither the trial court nor this court can interfere with their exercise of that right.' *People v Miller,* 301 Mich 93, 100 [3 NW2d 23] (1942). And in *People v Putnam,* 323 Mich 374, 379 [35 NW2d 279] (1948), Justice BOYLES stated, 'It

[5] "2. The movement element is not sufficient if it is 'merely incidental' to the commission of another underlying lesser crime.

"3. If the underlying crime involves murder, extortion or taking a hostage, movement incidental thereto is generally sufficient to establish a valid statutory kidnapping.

"4. If the movement adds either a greater danger or threat thereof, that is a factor in considering whether the movement adquately constitutes the necessary legal asportation, but there could be asportation without this element of additional danger so long as the movement was incidental to a kidnapping and not a lesser crime.

"5. Where appropriate, secret confinement or some other non-movement factor may supply a necessary alternative to asportation to complete statutory kidnapping.

"6. Whether or not a particular movement constitutes statutory asportation or whether there is an appropriate alternative element must be determined from all the circumstances under the standards set out above and is a question of fact for the jury." 389 Mich 222, 238.

is not the province of the Court to usurp the proper functions of the jury in determining issues of fact. It is not for the Court to say that the jury would have so found, if the issue had been submitted to it.' " 389 Mich 222, 238-239.

The jury instructions given in these cases allowed the jury to infer the required asportation element for kidnapping from movement which is merely incidental to the underlying crime. Essentially, the instructions directed that if the jury found there was movement *either* for the purpose of kidnapping of the victim *or* to commit the crime of criminal sexual conduct, this would be sufficient for the asportation element of kidnapping. This instruction did not inform the jury that asportation for the purpose of kidnapping was essential, and served to usurp from their province the necessity of finding that crucial element.

We hold that it was reversible error for the trial courts in these cases to instruct the jury that the asportation element of kidnapping would be satisfied if the jury found the movement of the victim to be incidental to the commission of the underlying *coequal* offense of first-degree criminal sexual conduct. In all cases where the charge is kidnapping, except as noted in *Adams,* in order to find defendant guilty, the factfinder must be satisfied that there was movement sufficient to satisfy the asportation requirement or its equivalent. Where applicable, the asportation element is crucial, regardless of the length of punishment mandated by the Legislature. To hold otherwise would be to assert that the overbreadth problem we confronted in *Adams* is immaterial in cases where another serious crime is committed.

Our holding does not preclude the possibility of the concurrent commission of first-degree criminal

sexual conduct and kidnapping. A properly instructed jury could find under the facts of a particular case, for example, that movement of the rape victim was sufficient to satisfy the requisite asportation element for a kidnapping conviction.

We affirm the Court of Appeals in both of these cases.[6]

COLEMAN, C.J., and WILLIAMS and BLAIR MOODY, JR., JJ., concurred with FITZGERALD, J.

LEVIN and RYAN, JJ. We concur in the reasoning and the result of Justice FITZGERALD's opinion except for the footnote 6 provision limiting its application to pending and future cases and would defer decision on that point until a case is presented in which the issue is raised.

KAVANAGH, J. *(concurring in the result).* I agree that the defendants' convictions of kidnapping should be set aside and the decision of the Court of Appeals affirmed but disagree with the reason for so doing stated in the opinion of the majority.

The element of asportation was read into our statute in *People v Adams,* 389 Mich 222; 205 NW2d 415 (1973), for the stated purpose of saving the statute from a perceived overbreadth. I am now of the opinion that it was not only unnecessary but erroneous to do so, for the statute is not overbroad.

Conviction of kidnapping under this statute properly read requires proof of:

1) Forcibly carrying or sending a person out of the state, or

2) Confining such person within the state for the ultimate purpose of:

---

[6] This holding is limited to pending and future cases where the issue has been preserved.

a) Extorting money or other valuable thing thereby, or

b) Causing such person to be secretly confined or imprisoned within this state against his will, or

c) Causing such person to be held to service against his will.

I am now persuaded that unless the charged kidnapping involves carrying or sending a person across the state line no element of asportation is implicated in our statute. The overbreadth we feared in *Adams* is avoided by insisting on proof of the intent specified in the statute as the *ultimate purpose* of the criminal act. So interpreted the statute would not elevate a misdemeanor to a felony as we feared in *Adams*. See 389 Mich 222, 232-233.

Our concentration on asportation in *Adams* now strikes me as misplaced. The holding of the hostages there for the purpose of extorting a hearing on grievances should have determined whether this statute was violated. I now think it was and that we wrongly decided *Adams.*

In the instant cases while the defendants in fact confined the complainants, the ultimate purpose of such confinement was shown to be criminal sexual conduct. Confinement for that purpose is not covered by our kidnapping statute.