# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SHANTEE BROWN,

       Defendant-Appellant.

UNPUBLISHED
November 20, 2014

No. 317066
Wayne Circuit Court
LC No. 12-006414-FC

Before: BORRELLO, P.J., and WILDER and STEPHENS, JJ.

PER CURIAM.

Defendant appeals as of right following his conviction by a jury of kidnapping, MCL 750.349, and first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(c). The trial court sentenced defendant to 17 to 35 years in prison for each conviction. We affirm defendant's convictions, but vacate the trial court's judgment of sentence and remand for resentencing.

I

Defendant's convictions arise out of the kidnapping and sexual assault of an 18-year-old female victim on December 7, 2004. The victim testified that when she was walking to work at Burger King, shortly before 5:00 a.m., defendant confronted her, threatened her at gunpoint, and forced her against her will into a dark alley. The victim testified that defendant continued pointing the gun at her face in the alley, directed her to remove her pants, and then directed her to lie down on the ground, following which defendant penetrated her vagina with his penis. The victim was unable to testify regarding the number of times defendant penetrated her vagina.

After the assault, the victim contacted the police, who transported her to a hospital. Health care personnel conducted a forensic examination of the victim, during which a doctor "collect[ed] swabs of secretions from" the victim's body. The doctor who examined the victim testified that he also gave the victim prophylactic "treatment in anticipation that there may be a disease transmitted or a pregnancy[.]" Though the victim's attacker was not immediately identified, eight years later, the attacker's DNA, which had been recovered from the victim following this offense, was matched to defendant's DNA. The victim subsequently identified defendant in a photographic lineup and at trial.

Defendant was charged with kidnapping, CSC I, third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(d) (penetration using force or coercion), felonious assault, MCL 750.82, and

-1-

possession of a firearm during the commission of a felony, MCL 750.227b. Defendant testified at trial that he resided in the same apartment complex as the victim in 2004 and engaged in consensual sex with her. At the conclusion of the trial, the trial court instructed the jury, *inter alia*, that a conviction of CSC III was precluded if the jury convicted defendant of CSC I. The jury found defendant guilty of kidnapping and CSC I, and not guilty of felonious assault and felony-firearm.

II

Relying on his trial testimony that he and the victim had consensual sex, the absence of any evidence of a physical injury to the victim, and the inability of the victim or the police to pinpoint the alley where the assault purportedly occurred, defendant first argues that the evidence was insufficient to support his convictions. We disagree. We review de novo a criminal defendant's challenge to the sufficiency of the evidence supporting his convictions. *People v Harverson*, 291 Mich App 171, 175-177; 804 NW2d 757 (2010); *People v Solmonson*, 261 Mich App 657, 661; 683 NW2d 761 (2004). In determining whether sufficient evidence exists "to sustain a conviction, a court must view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000) (internal quotation and citation omitted).

> The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. [*Id.* at 400 (internal quotation and citation omitted).]

"It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

Because the charged kidnapping occurred in December 2004, the trial court correctly instructed the jury regarding the elements of a forcible confinement kidnapping as prescribed in MCL 750.349 at the time of the offense.[1] Forcible confinement kidnapping under the former statute required proof of the following elements: (1) the defendant's confinement or imprisonment of the victim through an "unlawful exercise or show of force by which [the victim] is compelled to . . . go where [s]he does not wish to go," *People v Wesley*, 421 Mich 375, 384, 388; 365 NW2d 692 (1984) (internal quotation and citation omitted); (2) the defendant acted "wilfully, maliciously and without authority," *id*. at 383, 388; (3) the defendant confined or imprisoned the victim against her will; and (4) the defendant asported or moved the victim in a manner "not merely incidental to an underlying crime," *id*. at 388, but "incidental to the commission of the kidnapping." *People v Adams*, 389 Mich 222, 236; 205 NW2d 415 (1973). A

---

[1] MCL 750.349 was amended in 2006. See 2006 PA 159.

consideration in determining whether the asportation element existed includes whether "the movement adds either a greater danger or threat thereof," and "[w]hether or not a particular movement constitutes statutory asportation . . . must be determined from all the circumstances . . . and is a question of fact for the jury." *Id*. at 238. "A course of movement incidental to both kidnapping and another offense could be of such quality and character as to supply the asportation element of kidnapping." *People v Barker*, 411 Mich 291, 300; 307 NW2d 61 (1981).

The CSC I offense with which defendant was charged was based on alternate theories: (1), that defendant engaged in sexual penetration during the commission of the crime of kidnapping, MCL 750.520b(1)(c); and (2), that defendant was armed with "a weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a weapon," MCL 750.520b(1)(e). To establish CSC I under subsection (c), the prosecutor must prove (1) the defendant's penetration of the victim, and (2) the circumstances involving the commission of the other felony (here, the kidnapping) directly impacted the victim of the sexual penetration. *People v Lockett*, 295 Mich App 165, 174, 178-179; 814 NW2d 295 (2012). To establish CSC I under subsection (e), the prosecutor must prove (1) the defendant's penetration of the victim, and (2) the defendant's possession of a weapon, even if only when the sexual assault begins. *People v Proveaux*, 157 Mich App 357, 361-363; 403 NW2d 135 (1987).

The victim's testimony was sufficient to establish forcible confinement kidnapping. Her testimony that defendant accosted her on the street, pointed a gun in her face, and moved her into an alley established that (1) defendant unlawfully and forcibly confined or imprisoned her, (2) defendant's actions were done against the victim's will; (3) defendant asported the victim in a manner incidental to the kidnapping to a location that presented a greater danger or threat of greater danger to the victim because of its isolated location, see *People v Lynn*, 91 Mich App 117, 125-126; 283 NW2d 664 (1979), aff'd in *Barker*, 411 Mich 291, and *People v Worden*, 71 Mich App 507, 515; 248 NW2d 597 (1976), and (4) that defendant acted maliciously, willfully, and without authority, see *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008) (observing that minimal circumstantial evidence is required to prove a defendant's state of mind).

The victim's testimony also sufficed to prove beyond a reasonable doubt defendant's guilt of CSC I under both MCL 750.520b(1)(c) and (e). Concerning subsection (c), the victim's testimony established that (1) defendant penetrated her, and (2) the penetration occurred under circumstances in which defendant also kidnapped the victim, a felony that directly impacted the victim by placing her in the position where defendant sexually assaulted her. *Lockett*, 295 Mich App at 178-179. Regarding subsection (e), the victim's testimony also established that (1) defendant penetrated the victim, and (2) at the commencement of the sexual assault, defendant possessed a handgun. *Proveaux*, 157 Mich App at 362-363.

Though defendant claims there was no credible evidence contradicting his testimony that he and the victim shared consensual intercourse in her apartment, the victim testified that she did not consent to defendant's sexual assault in the alley and she denied ever having previously seen defendant. Furthermore, a police officer, the victim's mother, and the victim's coworker, all who observed the victim in the early morning hours of December 7, 2004, each testified at trial that the victim was emotionally distraught and had significant difficulty communicating after her

-3-

kidnapping and assault. Given the conflicting evidence, the jury reasonably rejected defendant's proffered consent defense, and in any event, on appeal, all conflicts in the evidence must be resolved in favor of the prosecution. *People v Williams*, 268 Mich App 416, 419; 707 NW2d 624 (2005).

## III

Defendant challenges the trial court's scoring of offense variables 3, 11, and 12 of the sentencing guidelines.[2] Although defendant preserved his challenges to the scoring of OV 3 and OV 11 by objecting to the scoring of those variables at sentencing, he did not object to the scoring of OV 12, either at sentencing, in a motion for resentencing, or a motion to remand in this Court. Therefore, his appellate challenge to the scoring of OV 12 is unpreserved. MCL 769.34(10).

We review for clear error a trial court's factual determinations with respect to the scoring of offense variables in the sentencing guidelines, and the factual determinations "must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). We consider de novo the legal question of statutory interpretation inherent in "whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute." *Id*. We review unpreserved claims of error only to ascertain whether a plain error affected the defendant's substantial rights. *People v Carines*, 460 Mich 750, 762-764, 774; 597 NW2d 130 (1999).

## A

In MCL 777.33(1)(d), the Legislature authorized the scoring of OV 3 for a victim's physical injury at 10 points when the victim experienced "[b]odily injury requiring medical treatment." " '[B]odily injury' encompasses anything that the victim would, under the circumstances, perceive as some unwanted physically damaging consequence." *People v McDonald*, 293 Mich App 292, 298; 811 NW2d 507 (2011). Pursuant to MCL 777.33(3), " 'requiring medical treatment' refers to the necessity for treatment and not the victim's success in obtaining treatment." Although defendant claims the victim reported no injury and that she only received medical attention for collecting evidence, our review of the record indicates the collection of evidence was not the sole purpose for the victim's trip to the hospital shortly after the sexual assault. Rather, as a result of the sexual assault, the doctor considered it necessary to physically examine the victim, collect samples from her vagina, and prescribe prophylactics to protect against the spread of sexually transmitted diseases as well as pregnancy. In light of these facts, the trial court did not clearly err by finding that a preponderance of the evidence established that the victim suffered a bodily injury necessitating medical treatment. *Hardy*, 494 Mich at 438. Thus, the trial court did not err by assessing 10 points for OV 3.

---

[2] The "sentencing guidelines in effect [in 2004,] the date the crime was committed," apply. MCL 769.34(2).

B

In MCL 777.41, our Legislature provided for the scoring of OV 11 as follows:

> (1)     Offense variable 11 is criminal sexual penetration.  Score offense variable 11 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a)     Two or more criminal sexual penetrations occurred …..... 50 points
>
> (b)     One criminal sexual penetration occurred ………………. 25 points
>
> (c)     No criminal sexual penetration occurred ………………… 0 points
>
> (2)     All of the following apply to scoring offense variable 11:
>
> (a)     Score all sexual penetrations of the victim by the offender arising out of the sentencing offense.
>
> (b)     Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13.
>
> (c)     Do not score points for the 1 penetration that forms the basis of a first- or third-degree criminal sexual conduct offense.

The trial court scored the guidelines only for defendant's CSC I conviction.  See *People v Mack*, 265 Mich App 122, 128-129; 695 NW2d 342 (2005) (a PSIR is only prepared for the highest crime class felony conviction).  The victim's testimony substantiated only one incident of sexual intercourse, and there was no record evidence of multiple or repeated penetrations by defendant's penis into her vagina.    Therefore, because points may not be scored for the one penetration that forms the basis for the conviction, the trial court erred as a matter of law by assessing 25 under OV 11.  *Hardy*, 494 Mich at 442 n 33; *People v Johnson*, 474 Mich 96, 102 n 2; 712 NW2d 703 (2006).

C

MCL 777.42 provides in pertinent part:

> (1)     Offense variable 12 is contemporaneous felonious criminal acts. Score offense variable 12 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a)     Three or more contemporaneous felonious criminal acts involving crimes against a person were committed ………………………….. 25 points

(b)     Two contemporaneous felonious criminal acts involving crimes against a person were committed …………………………………………….. 10 points

(c)     Three or more contemporaneous felonious criminal acts involving other crimes were committed …………………………………………… 10 points

(d)     One contemporaneous felonious criminal act involving a crime against a person was committed …………………………………………….. 5 points

* * *

(2)     All of the following apply in scoring offense variable 12:

(a)     A felonious criminal act is contemporaneous if both the following circumstances exist:

(*i*)     The act occurred within 24 hours of the sentencing offense.

(*ii*)     The act has not and will not result in a separate conviction.

(b)     A violation of section 227b of the Michigan penal code, 1931 PA 328, MCL 750.227b, should not be considered for scoring this variable.

(c)     Do not score conduct scored in offense variable 11.

"[W]hen scoring OV 12, a court must look beyond the sentencing offense and consider only those separate acts or behavior that did not establish the sentencing offense." *People v Light*, 290 Mich App 717, 723; 803 NW2d 720 (2010).

The prosecutor argued that the trial court should score OV 12 at 10 points pursuant to MCL 777.42(1)(b) because defendant "was convicted of two or more crimes against a person." The trial court agreed that defendant had been convicted of two crimes, but did not specify which two crimes it considered when assigning defendant 10 points under OV 12.

We find that plain error occurred in the trial court's scoring of 10 points under OV 12. First, as the sentencing offense, CSC I could not be considered in scoring OV 12. *Light*, 290 Mich App at 723. Second, kidnapping could not be considered in scoring OV 12 because it resulted in a separate conviction. MCL 777.42(a)(*ii*). Third, CSC III could not be considered because that charge involved the same sexual penetration that established the sentencing offense. *Light*, 290 Mich App at 723. Moreover, the clear and unambiguous language of MCL 777.42(2)(b) precluded the trial court from considering the felony-firearm charge. Finally, while felonious assault is a crime against a person, MCL 777.16d, and would therefore qualify as a contemporaneous felony because it occurred "within 24 hours of the sentencing offense," MCL 777.42(a)(*i*), and "has not and will not result in a separate conviction," MCL 777.42(a)(*ii*), it was the only contemporaneous felonious act that could be scored under OV 12. A 10-point score for OV 12 requires two contemporaneous felonious criminal acts against a person. Thus, only 5 points could be properly assessed to defendant under OV 12, MCL 777.42(1)(d).

D

The trial court scored a total of 10 prior record variable points and 105 OV points, placing defendant in PRV Level C and OV Level VI, with a minimum sentencing guidelines range of 135 to 225 months.[3] Given that the trial court should have scored OV 11 at zero points, not 25 points, and OV 12 at five points, not 10 points, defendant's corrected OV score becomes 75 points, placing him in OV level IV, with a minimum sentencing guidelines range of 108 to 180 months. MCL 777.62. Because the scoring errors affect the appropriate guidelines range, we vacate the judgment of sentence and remand for resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

Affirmed in part, vacated in part, and remanded for resentencing. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Kurtis T. Wilder
/s/ Cynthia Diane Stephens

---

[3] At sentencing, the trial court erroneously referred to the guidelines range as 126 to 210 months. That is the range for an offender who falls at the C-V cell of the sentencing grid for a class A offense. MCL 777.62.