# IN THE COURT OF APPEALS OF IOWA

No. 20-1382
Filed September 22, 2021

**CHERI BLAKE,**
     Plaintiff-Appellant,

**vs.**

**SECOND INJURY FUND OF IOWA,**
     Defendant-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.


     Cheri Blake appeals from the district court order affirming the workers' compensation commissioner's denial of her claim against the Second Injury Fund of Iowa.  **AFFIRMED.**


     Andrew W. Bribriesco, Bettendorf, for appellant.

     Thomas J. Miller, Attorney General, and Amanda R. Rutherford, Assistant Attorney General, for appellee.


     Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Cheri Blake has been afflicted with Graves' disease since 2010.[1] The disease causes Blake to experience leg cramps, insomnia, headaches, weight loss, anxiety, racing heartbeat, rough skin, and blurry vision caused by pressure behind her eyes. In 2016, she sustained an injury to her right hand at work.

There is no dispute Blake qualified for workers' compensation benefits based on the 2016 work injury. The dispute leading to this appeal is whether the eye problems Blake experiences because of her Graves' disease are a "first qualifying injury" within the context of Iowa's Second Injury Compensation Act. *See* Iowa Code §§ 85.63–85.69 (2020). If the eye problems caused by her Graves' disease are a "first qualifying injury," Blake is eligible for benefits from the Second Injury Fund (the Fund). If they are not, she is ineligible for those benefits. The workers' compensation commissioner determined the eye problems did not so qualify and denied Blake's claim for benefits from the Fund. On judicial review, the district court affirmed the commissioner's ruling. Blake appeals.

In our judicial review of an agency's decision, we apply the standards in Iowa Code chapter 17A to determine whether we reach the same conclusion as the district court. *Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 242 (Iowa 2018). In reviewing the workers' compensation commissioner's interpretation of Iowa Code chapter 85, we review for errors at law rather than deferring to the commissioner's interpretation. *Gumm v. Easter Seal Soc'y of Iowa, Inc.*, 943

---

[1] The record establishes that Graves' disease is an immune system disorder causing overactivity of the thyroid. The disease results in a wide range of symptoms occurring all over the body.

N.W.2d 23, 28 (Iowa 2020). We are bound by the commissioner's factual findings if they are supported by substantial evidence. *Id.* Substantial evidence is evidence that a reasonable mind would find adequate to reach the same conclusion. *Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 366 (Iowa 2016).

Before delving into the details of the issue at hand, we provide a brief overview of second injury funds:

> A second injury fund is a special fund established within the administrative framework of a state workers' compensation system. The fund is designed to insure that an employer who hires a handicapped worker will not be responsible for disability benefits for a greater disability than actually occurred while the handicapped worker was employed by that employer, in the event such a worker suffers a subsequent or second injury on the job. The theory of the system is that the employer pays only the benefits that are due for the subsequent or second injury. The employee is nevertheless fully compensated because the fund pays the difference between the amount the employee actually receives from the employer for the second injury and the amount the employee would have received for the resulting condition if there had been no prior disability.

Harry W. Dahl, *The Iowa Second Injury Fund—Time for Change*, 39 Drake L. Rev. 101, 102–03 (1989).

Iowa's version of a second injury fund is found in Iowa Code sections 85.63 through 85.69. The heart of the statutory scheme is found in section 85.64(1), which states:

> If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently disabled by a compensable injury which has resulted in the loss of or loss of use of another such member or organ, the employer shall be liable only for the degree of disability which would have resulted from the latter injury if there had been no pre-existing disability. In addition to such compensation, and after the expiration of the full period provided by law for the payments thereof by the employer, the employee shall be paid out of the "Second Injury Fund" created by this division the remainder of such compensation as would be payable for the degree of permanent disability involved after first

deducting from such remainder the compensable value of the previously lost member or organ.

To establish entitlement to benefits from the Fund under this section, Blake must prove:

> (1) she sustained a permanent disability to a hand, arm, foot, leg, or eye[2] (a first qualifying injury); (2) she subsequently sustained a permanent disability to another such member through a work-related injury (a second qualifying injury); and (3) the permanent disability resulting from the first and second injuries exceeds the compensable value of "the previously lost member."

*Gregory v. Second Inj. Fund of Iowa*, 777 N.W.2d 395, 398–99 (Iowa 2010). The fighting issue here is whether Blake proved the first element.

Blake asserts the impairment to her eye caused by her Graves' disease constitutes a first qualifying injury because she has "lost the use of" one of her eyes. The Fund does not claim the first qualifying injury must be traumatic, work-related, or compensable. Rather, it asserts a first qualifying injury requires a disability to at least one of the enumerated members, not a disability to the body as a whole that results in symptoms to one of the enumerated members. Both parties claim case law supports their position.

Blake asserts *Gregory* dictates the outcome here. We disagree. In *Gregory*, the claimant's first injury was to her hand—an enumerated member—but the hand injury also caused shoulder impairment and was therefore compensated as an nonscheduled injury under section 85.34(2)(u).[3] 777 N.W.2d at 400. Even

---

[2] Throughout this opinion, we will refer to a hand, arm, foot, leg, or eye as an "enumerated member."

[3] When *Gregory* was decided, a shoulder injury was a nonscheduled injury. *See* 777 N.W.2d at 397. In 2017, the legislature amended Iowa Code section 85.34 to change a shoulder injury to a scheduled injury. *See* 2017 Iowa Acts ch. 23, § 7 (codified at Iowa Code § 85.34(2)(n)).

though the hand injury was combined with disability in unenumerated body parts, the supreme court determined the hand injury was still a first qualifying injury because the legislature "did not intend to disadvantage claimants with histories of more complex combinations of enumerated and unenumerated member injuries." *Id.* at 401. In essence, *Gregory* held that an injury to an enumerated member constitutes a first qualifying injury even though the injury also causes impairment to the body as a whole. In Blake's case, we have the opposite of the situation in *Gregory*—an impairment to the body as a whole that also causes impairment to an enumerated, scheduled member.[4] This factual difference distinguishes *Gregory* and makes it inapplicable to this case. Therefore, we look to other authority.

We are not in completely uncharted water when *Gregory* does not apply, as there are several cases addressing similar issues that favor the Fund's position. In *Stumpff v. Second Injury Fund of Iowa*, the supreme court determined that an injury to a finger (an unenumerated member) that also affected the hand (an enumerated member) did not constitute a first qualifying injury. 543 N.W.2d 904,

---

[4] The commissioner found Blake's Graves' disease was an injury to or condition of the body as a whole, rather than an injury to or condition of her eye. This factual finding is supported by substantial evidence in the record and is binding on us. *See Gumm*, 943 N.W.2d at 28 (holding appellate courts are bound by the factual findings of the commissioner when supported by substantial evidence). Both parties agree that Graves' disease is responsible for Blake's eye impairment. Evidence presented supports a finding that Graves' disease, as a condition that affects the endocrine system, is considered a permanent impairment to the body as a whole under the AMA Guides to the Evaluation of Permanent Impairment, Fifth Edition. Blake herself testified that she suffers from a wide array of symptoms, only one of which is vision impairment. Blake does not have any work restrictions due to her eye symptoms and does not receive any treatment for her eyes aside from the medication she takes to address her Graves' disease in general. She also does not wear prescription eyeglasses. This evidence constitutes substantial evidence supporting the commissioner's findings.

906 (Iowa 1996). Following the same logic, Blake's disability to her body as a whole that also affects an eye does not constitute a first qualifying injury.

Similarly, our supreme court has expressly rejected the argument that an unscheduled injury that affects an enumerated member is enough to trigger the Fund's liability—the same argument Blake makes here. In *Second Injury Fund of Iowa v. Nelson*, the claimant sustained a first qualifying injury to his leg. 544 N.W.2d 258, 262 (Iowa 1995). Later, he sustained an injury to his shoulder that impaired the functionality of his arm (an enumerated member). *Id.* The supreme court rejected the claimant's argument than an injury that "merely affects a[n enumerated,] scheduled member" is enough to qualify as an injury that triggers the Fund's liability. *Id.* at 269.

Recognizing the negative impact *Nelson* has on her claim, Blake tries to distinguish the case by pointing out that it addressed what constituted a second qualifying injury, not what constituted a first qualifying injury. We find this distinction unpersuasive. Section 85.64(1) addresses a first qualifying injury as one in which the claimant "has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye," and then refers to the second qualifying injury as one "which has resulted in the loss of or loss of use of another such member or organ." By the plain language of the statute, first and second qualifying injuries are determined in the same way. In addition, our supreme court has made it clear that the reasoning to determine whether a second injury qualifies is the same as the reasoning to determine whether a first injury qualifies. *See Gregory*, 777 N.W.2d at 400 (noting the reasoning of what constitutes a second injury is relevant

to the reasoning of what constitutes a first injury).[5] We find the reasoning in *Nelson* controlling here, and we conclude Blake's condition to her body as a whole (i.e., Graves' disease) that "merely affects" an enumerated member does not constitute a first qualifying injury.

As Blake did not sustain a first qualifying injury, she has not met her burden to establish the Fund's liability. As a result, we affirm the district court's decision upholding the commissioner's denial of Blake's claim against the Fund.

**AFFIRMED.**

---

[5] There is a difference between the first and second qualifying injuries in that the second qualifying injury must be a compensable, work-related injury, while the first qualifying injury does not. *Gregory*, 777 N.W.2d at 400 (noting "a first qualifying injury need not be a work-related injury"). However, what constitutes a first and second *injury* involves the same analysis. *Id.*